Henry **KARWOWSKI**, Appellant,

v.

**John W. GARDNER**, Secretary of Health, Education and Welfare of the United States of America, Appellee.

No. 23451.

United States Court of Appeals
Fifth Circuit.

Jan. 27, 1967.

Henry Karwowski, pro se.

Alfred E. Sapp, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee, Eli Kaplan, Deputy Regional Atty., Dept. of Health, Education, and Welfare, Atlanta, Ga., of counsel.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

PER CURIAM:

The sole question raised by this appeal is whether the district court erred in affirming a decision of the defendant Secretary of Health, Education and Welfare denying the plaintiff old age insurance benefits under the Social Security Act. The plaintiff's claim for such benefits was based upon his assertion that he was entitled to six quarters of coverage in 1960 and 1961 resulting from sufficient self employment income. He claimed to have earned from his legal practice fees in excess of $5,000 in each of those years which would have been sufficient earnings to provide him with the necessary six quarters of coverage. He reported those amounts of earnings in his income tax returns for 1960 and 1961 and testified before a hearing examiner of the Social Security Administration that he had received them. However, when requested to produce corroborating evidence he failed to do so and at a supplemental hearing, held after remand by the district court for that purpose, he was able to substantiate only $510 in 1960 and $680 in 1961. These amounts were not enough to provide him with the requisite six quarters of coverage when offset by the losses which he admittedly had sustained in another business in which he had engaged.

The plaintiff contends that the Secretary was bound by the record which the Social Security Administration had made of his earnings as reported and was not entitled to change or correct that record. There is no merit whatever in this contention. Section 205(c) (4) of the Social Security Act, 42 U.S.C.A. § 405(c)

---

* Of the Third Circuit, sitting by designation.

(4), expressly authorizes the Secretary to correct an erroneous entry of self employment income in his records within the time limitation of three years, three months and fifteen days fixed by section 205(c) (1) (B) of the Act, 42 U.S.C.A. § 405(c) (1) (B). Here the correction was made shortly after the plaintiff's application for benefits was filed and well within the time limited by law. Under the circumstances the Secretary was justified in denying the plaintiff's claim for lack of evidence and the district court did not err in affirming his decision.

The order of the district court is·

Affirmed.