**Clifford S. JOHNSON, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare of the United States of America, Appellee.**

**No. 19120.**

United States Court of Appeals Eighth Circuit.

Oct. 21, 1968.

---

3. We do not pause to consider how, if plaintiff's position were to be upheld, the egg could be unscrambled.

Dennis H. Hill, of Costello, Porter, Hill, Banks & Nelson, Rapid City, S. D., for appellant.

David V. Vrooman, Asst. U. S. Atty., Sioux Falls, S. D., for appellee, Harold C. Doyle, U. S. Atty., Sioux Falls, S. D., was on the brief.

Before VAN OOSTERHOUT, Chief Judge, and GIBSON and BRIGHT, Circuit Judges.

PER CURIAM.

Clifford S. Johnson instituted this action in the District Court pursuant to 42 U.S.C.A. § 405(g) to review the final decision of the Secretary disallowing his claim for old-age benefits under the Social Security Act upon the ground plaintiff had failed to establish the required thirteen quarters of coverage. The Secretary's records show that plaintiff has established nine quarters of coverage.

Plaintiff's contention that he has established coverage for additional quarters has been consistently rejected at all levels of the administrative proceedings. After the initial rejection of plaintiff's claim, he asserted that he was entitled to credit for sufficient additional quarters to make up the required thirteen quarters of coverage. Plaintiff upon request was given a full and fair evidentiary hearing before the Hearing Examiner. It was again determined that plaintiff had established only the nine quarters of coverage conceded by the Secretary and that hence, he was ineligible for benefits.

The Appeals Council, after considering additional evidence offered by the plaintiff, affirmed the Hearing Examiner's decision. The District Court sustained the Secretary's motion for summary judgment and dismissed the complaint. This timely appeal followed.

█ Plaintiff, represented by court-appointed counsel upon appeal, sets out fifteen brief points relied upon for reversal. All essentially raise the issue that the Secretary's findings are clearly erroneous. Plaintiff has failed to demonstrate that the decision of the Secretary was induced by any erroneous view of the applicable law.

██ The claimant has the burden of establishing his claim. The Secretary's findings and the reasonable inferences to be drawn therefrom are conclusive if they are supported by substantial evidence. Credibility determinations rest with the Secretary. Easttam v. Secretary of Health, Education and Welfare, 8 Cir., 364 F.2d 509, 511, 513; Foss v. Gardner, 8 Cir., 363 F.2d 25, 26; see 42 U.S.C.A. § 405(g).

42 U.S.C.A. § 405(c) (3) provides:

"The Secretary's records shall be evidence for the purpose of proceedings before the Secretary or any court of the amounts of wages paid to, and self-employment income derived by, an individual and of the periods in which such wages were paid and such income was derived. The absence of an entry in such records as to wages alleged to have been paid to, or as to self-employment income alleged to have been derived by, an individual in any period shall be evidence that no such alleged wages were paid to, or that no

such alleged income was derived by, such individual during such period."

We have carefully examined the entire record. Little purpose would be served by a detailed discussion of the evidence. We are completely convinced that the record affords substantial evidentiary support for the Secretary's findings. The trial court upon the record before it was warranted in dismissing the complaint.

We affirm.