**Mary L. HART, Plaintiff-Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 30460.**

United States Court of Appeals,
Fifth Circuit.

April 5, 1971.

Emory O. Williams, Jr., Pensacola, Fla., for plaintiff-appellant.

William Stafford, U. S. Atty., C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., for defendant-appellee.

Before GEWIN, COLEMAN and AINSWORTH, Circuit Judges.

**PER CURIAM:**

Mary L. Hart, claimant and appellant, appeals from the judgment of the district court affirming the decision of the Secretary of Health, Education and Welfare denying her application for disability benefits under the Social Security Act. The sole question presented is whether there is substantial evidence to support the denial of benefits. Because we find substantial medical evidence in the record to support the ruling of the Secretary that claimant is not entitled to benefits under the Act, we affirm.

■ The district court refused to set aside the decision of the Secretary on the ground that Mrs. Hart had not established eligibility within the applicable restrictive definition of "disability" enacted by Congress.[1] A "disability" under the Social Security Act as amended is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months * * *."[2] The act places the burden on the claimant to prove by such medical and other appropriate evidence that she was "disabled" under the provisions of the act.[3] Moreover, in determining whether the claimant has discharged the burden of proving disability, it is the province of the Secretary to weigh all the evidence and to resolve the conflicts on the record.[4] Thus, the primary function of this court is not to reweigh the evidence, but to determine whether there is substantial evidence to support the Secretary's decision.[5]

■ Despite plaintiff's allegations of numerous ailments, the medical evidence of record shows that her major impairment prior to June 30, 1967 (when she last met the "earning requirement") was pain due to minor conditions relating to arthritis, menopausal syndrome, generalized edema, sinusitis, and a chronic anxiety state. However, plaintiff's alleged impairments, either singly or in combination, were not of such severity as to have precluded substantial gainful activity prior to June 30, 1967.[6] As the Hearing Examiner concluded "[t]he only conclusions which such medical evidence permits is that the claimant's major impairment is psychiatric and non-disabling considered alone or in conjunction with her minor physical impairments."

After a careful review of the record, including the administrative transcript, we conclude that there was substantial medical evidence in the record to support the Secretary's conclusion that the claimant was not entitled to the benefits claimed.

The judgment is affirmed.

1. Social Security Act §§ 216(i), 223, 42 U.S.C. §§ 416(i), 423, as amended (1969).

2. Social Security Act §§ 216(i), 223 as amended, 42 U.S.C. §§ 416(i) (1) (A), 423(d) (1) (A) as amended (1969).

3. Miller v. Finch, 430 F.2d 321 (8th Cir. 1970); Brown v. Finch, 429 F.2d 80, 83 (5th Cir. 1970).

4. Burdett v. Finch, 425 F.2d 687, 688 (5th Cir. 1970); Johnson v. Gardner, 401 F.2d 518, 519 (8th Cir. 1968); Lane v. Gardner, 374 F.2d 612, 616 (5th Cir. 1967).

5. Social Security Act § 205(g), 42 U.S.C. § 405(g) (1964). See: Richardson v. Richardson, 437 F.2d 109 (5th Cir. 1970) [No. 30247, December 11, 1970]; Reams v. Finch, 428 F.2d 1225 (8th Cir. 1970); Gray v. Secretary of Health, Education and Welfare, 421 F.2d 638 (5th Cir. 1970). Compare: Williams v. Finch, 440 F.2d 613 (5th Cir. 1971) [March 17, 1971].

6. Cooper v. Finch, 433 F.2d 315, 316 (5th Cir. 1970); Gentile v. Finch, 423 F.2d 244, 246 (4th Cir. 1970).