**Aurea Garcia GAONA**

v.

**U. S. SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

Civ. No. 802–70.

United States District Court,
D. Puerto Rico.
March 17, 1972.

Edwin A. Cuevas, San Juan, P. R., and Virgilio Brunet, Hato Rey, P. R., for plaintiff.

Wally de la Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

ORDER

FERNANDEZ-BADILLO, District Judge.

This is a case in which two women are competing for benefits as the widow of Calixto Gaona, insured. Plaintiff Aurea García Gaona, born in Puerto Rico on March 5, 1904, married Calixto Gaona on May 30, 1940. Prior to this marriage the insured individual had married Luz Leguillow-Santiago on October 29, 1923. This marriage also took place in Puerto Rico. In 1926 Luz Le-

guillow-Santiago and the insured moved to New York City where they lived together until 1939. They separated on October 29, 1939. The record shows that Calixto Gaona worked in New York City for the Works Progress Administration Project Service from March 22 to October 18, 1939.

Thereafter, the insured went back to the Commonwealth of Puerto Rico where he initiated a civil action for divorce and obtained a divorce decree issued on May 3, 1940 by the then District Court of Puerto Rico, San Juan Part.

Shortly thereafter Colixto Gaona married the claimant. The insured died domiciled in New York on September 28, 1964.

The Secretary of Health, Education and Welfare held that plaintiff had failed to prove that she was the widow of the insured since Calixto Gaona was not a resident of Puerto Rico for one full year immediately preceding the divorce action.[1] There is evidence to show that decedent resided in New York City until October 1939. He obtained his divorce on May 3, 1940, less than eight (8) months prior to the granting of the decree by the then District Court of San Juan.

The Laws of Puerto Rico, Title 31, Section 331, provides in part as follows:

"No person can secure a divorce under this title who has not resided in the Commonwealth for one full year immediately preceding the action, unless the act or acts on which the suit is based have been committed in Puerto Rico, or while one of the parties to the marriage resided there."

The one year residence requirement applies to those seeking a divorce in the Commonwealth of Puerto Rico unless the grounds for divorce are committed in that jurisdiction or when one of the spouses resides in the Island.

■ The Secretary of Health, Education and Welfare was correct in determining that the insured, Mr. Gaona, had not been a resident of Puerto Rico for one year prior to the divorce action instituted against his first wife, consequently the divorce action is null and void. In view of this, the Secretary of Health, Education and Welfare was also correct in determining that the deceased lacked sufficient capacity to marry plaintiff. She therefore is not the widow of the insured for purposes of Section 202(e) and 216(h) (1) (A) of the Social Security Act. 42 U.S.C.A. §§ 402 and 416(h) (1) (A).

■ In order to establish entitlement to benefits under the Social Security Act, plaintiff has the burden of proof that the required conditions of eligibility are met. Reyes Robles v. Finch, 409 F.2d 84 (1 Cir.1969); Henley v. Celebrezze, 394 F.2d 507 (3 Cir.1968); Centeno Rios v. Secretary of Health etc., 312 F.Supp. 1330 (D.P.R.1970); O'Brien v. Finch, 415 F.2d 802 (5 Cir. 1967); Johnson v. Gardner, 401 F.2d 518 (8 Cir., 1968); Karwowski v. Gardner, 372 F.2d 118 (5 Cir.1967); Carqueville v. Flemming, 263 F.2d 875 (7 Cir., 1959). Plaintiff, who was represented at all stages of the administrative procedure by her counsel of record, has failed to meet her burden of proof. It is significant that counsel waived the hearing before the examiner as he considered the issue solely a matter of law and agreed to submit a brief (Tr. p. 16). Now, having requested judicial review of the Secretary's adverse determination, plaintiff's counsel pretends to introduce into the record a chain of facts and events which they never attempted to bring before the examiner's consideration.[2]

---

1. Luz Leguillow had filed an application for widow's insurance benefits prior to the date that plaintiff Aurea García Gaona first claimed such benefits. The Secretary determined that Luz Leguillow was the widow of the deceased wage earner.

2. See, for example, plaintiff's statement at page 2 of her brief dated August 17, 1971 asserting that:

"Between April 22, 1938 and March 22, 1939 (exactly 11 months) it is important to note, there is no account of the whereabouts of the wage earner

The Court's duty is to conclude, from the whole record before it, whether the Secretary's determination of facts is supported by substantial evidence. "It should not engage in re-weighing the evidence since the resolution of conflicting evidence is solely within the province of the Secretary." Gonzalez v. Richardson, 455 F.2d 953, decided on March 1, 1972 by the Court of Appeals for the First Circuit. The substantial evidence test was met here.

Therefore, it is ordered, adjudged and decreed that the decision of the Secretary of Health, Education and Welfare be affirmed and the complaint is dismissed.

**UNITED STATES of America, Plaintiff,**

**v.**

**Harry S. CROSS, Jr., and Cowan Concrete Products, Inc., a corporation, Defendants.**

**Civ. A. No. C–3063.**

United States District Court, D. Colorado.

March 7, 1972.

other than his own declaration in his divorce proceeding (which declaration was satisfactory to the Puerto Rico District Court) that he had resided in

Puerto Rico for more than a year before the filing of his divorce action in February 6, 1940, that is, since anytime before February 5, 1939."