**Ada J. BEBOUT, Plaintiff,**

**v.**

**SECRETARY OF HEALTH, EDU-
CATION AND WELFARE,
Defendant.**

**Civ. No. 1663.**

United States District Court,
W. D. Missouri,
St. Joseph Division.

July 18, 1972.

Sandra H. Poehlman, Platte City, Mo.,
for plaintiff.

Sharyle L. Randol, Asst. U. S. Atty.,
Kansas City, Mo., for defendant.

ORDER SUSTAINING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

DUNCAN, Senior District Judge.

In this action the plaintiff Ada J.
Bebout seeks review of a decision of the
defendant, disallowing her disability in-
surance benefits under the Social Secur-
ity Act, 42 U.S.C. § 401 et seq.

The sole issue presented under the
facts of this case is whether, in deter-
mining plaintiff's eligibility for disabil-
ity insurance benefits under the Social
Security Act, the Secretary was correct
in including in his computation of the
40-quarter period preceding the disabil-
ity for which the plaintiff now makes
claim, certain quarters in which the
plaintiff alleges she was disabled but
for which she failed to make timely ap-
plication for a disability determination
under the Act. § 416(i)(2)(E).

On May 12, 1942 the plaintiff applied
for and was issued Social Security ac-
count number 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. Her earn-
ings record, the accuracy of which is not
in dispute in this proceeding, indicates
that she was employed and made con-
tributions under the Act from 1947
through the first quarter of 1961. She
made no contributions from the second
quarter of 1961 through the third quar-
ter of 1966. She then resumed work
and made payments from the fourth
quarter of 1966 through the first quar-
ter of 1970.

On October 1, 1970 the plaintiff filed
"Application For Disability Insurance
Benefits" in which she stated that she
had become unable to work on February
16, 1970, because of "Heart Condition &
Eyeritis". On January 22, 1971 the
Social Security Administration notified
the plaintiff by letter that her claim for
disability benefits had been disallowed
because of her failure to meet the "earn-
ings requirement" under the Act.
42 U.S.C. § 416(i)(3)(B) and § 423(c)

(1)(B). The letter of disallowance stated in part:

"We have determined that you are not entitled to disability insurance benefits.

Your social security record shows that you do not meet the earnings requirement of the law. You have earned social security credits for only 17 calendar quarters of work in the 40-quarter (10 year) period ending March 31, 1970. This is the last day of the calendar quarter in which you state you became unable to work because of your condition. Your social security record also shows that you do not meet the earnings requirement on any later date. Since you do not meet this requirement, it has not been necessary to decide whether you are disabled within the meaning of the law. * * * * *."

The plaintiff obtained an attorney and by letter dated February 25, 1971 her attorney requested that the Social Security Administration reconsider the claim for benefits in light of the fact that plaintiff had not worked during the years 1962 through 1965 due to a disability for which she had not made claim for benefits. Counsel urged that this period of disability should be excluded in determining the 40-quarter period preceding the period of disability for which the plaintiff was making claim.

On April 1, 1971 the plaintiff filed her formal request for reconsideration with the Social Security Administration and on that date she was afforded a "disability interview" before an agency representative. On May 14, 1971 the Administration duly notified the plaintiff that upon reconsideration her claim was again denied.

On May 27, 1971 the plaintiff's attorney requested a hearing before a hearing examiner of the Bureau of Hearings and Appeals and such hearing was held on August 10, 1971. At the hearing and in her brief filed subsequent thereto plaintiff again urged that her previous "period of disability" should be excluded in determining the 40-quarter period prior to the present disability. Plaintiff's contention succinctly stated at page 1 of her brief is:

"That she is at this time and has been since March 1970 permanently and totally disabled. That she applied for insurance benefits under social security coverage in October 1970, but the Administration refused her application for the reason that she had only 17 quarters of coverage during the 40-quarters prior to her disability. Applicant feels that the Administration is in error in this finding because it counted only back to 1950 in computing the 40-quarter period prior to her application, whereas they should have dropped the 16 quarters from 1962 thru 1965, when applicant was in fact under a disability, from their computation and should have counted back to 1955. That if such a computation is made, applicant will be qualified for disability insurance benefits."

The Hearing Examiner rendered his decision on September 27, 1971 in which he concluded that the plaintiff was not entitled to the disability insurance benefits for which she had applied, on October 1, 1970. In reaching that conclusion the Examiner stated at page 4 of his decision:

"Under the provisions of Section 216 (i)(2)(D), the period from 1962 through 1965 cannot be dropped out of computation of the insured status for disability purposes as a 'period of disability' because the application was filed on October 1, 1970, more than 12 months after December 1, 1965."

The plaintiff's attorney duly requested a review of the Hearing Examiner's decision and on November 24, 1971 the Appeals Counsel of the Bureau of Hearings and Appeals affirmed the decision.

The plaintiff filed this action on January 21, 1971, pursuant to Title II of the Social Security Act, 42 U.S.C. § 405(g), in which she prays that this court "determine that the defendant should drop from their computation of the 'last 40 quarters of coverage prior to application

for disability benefits' that time during which plaintiff was in fact disabled * * * *.''

The defendant has filed Motion For Summary Judgment in which he states that the decision denying the plaintiff disability insurance benefits under the Act is supported by substantial evidence. Reams v. Finch, 428 F.2d 1225 (8th Cir. 1970); Johnson v. Gardner, 401 F.2d 518 (8th Cir. 1968).

The effect of the plaintiff's contention is, of course, that if the period from 1961 through 1965 is considered a "period of disability" and excluded from the computation, she would have 20 quarters of coverage in the 40-quarter period ending March 31, 1970, instead of 17 quarters of coverage as determined by the Secretary. If the plaintiff's theory is accepted she would meet the earnings requirement of the Act.

The pertinent portions of the Social Security Act are as follows:

"§ 423(a)(1) Every individual who—

(A) is insured for disability insurance benefits (as determined under subsection (c)(1) of this section), * * *

§ 423(c) For purposes of this section—

(1) An individual shall be insured for disability insurance benefits in any month if—

* * *

(B)(i) if he had not less than twenty quarters of coverage during the forty-quarter period which ends with the quarter in which such month occurred, * * *.''

§ 416(i)(3) "The requirements referred to in clauses (i) and (ii) of paragraph (2)(C) of this subsection are satisfied by an individual with respect to any quarter only if—

* * * * * *

(B)(i) he had not less than twenty quarters of coverage during the forty-

quarter period which ends with such quarter, * * *.''

§ 416(i)(2):

"(B) No period of disability shall begin as to any individual unless such individual files an application for a disability determination with respect to such period; * * *

* * * * * *

"(D) A period of disability shall end with the close of whichever of the following months is the earlier: (i) the month preceding the month in which the individual attains age 65, or (ii) the second month following the month in which the disability ceases.

"(E) Except as otherwise provided in subparagraph (F), no application for a disability determination which is filed more than 12 months after the month prescribed by subparagraph (D) as the month in which the period of disability ends (determined without regard to subparagraph (B) and this subparagraph) shall be accepted as an application for purposes of this paragraph.

"(F) An application for a disability determination which is filed more than 12 months after the month prescribed by subparagraph (D) as the month in which the period of disability ends (determined without regard to subparagraphs (B) and (E)) shall be accepted as an application for purposes of this paragraph if—

* * * * * *

(ii) in the case of an application filed by or on behalf of an individual with respect to a period of disability which ends in or before January 1968,

(I) Such application is filed not more than 12 months after January 1968, * * *.''

The plaintiff cites § 423(c)(1) in support of her contention that the 1962 through 1965 period should be excluded. That paragraph states in part:

"For the purposes of subparagraph (B) of this paragraph, when the num-

**230**

ber of quarters in any period if an odd number, such number shall be reduced by one, and a quarter shall not be counted as part of any period if any part of such quarter was included in a period of disability unless such quarter was a quarter of coverage."

The term "period of disability" is defined in § 416(i)(2)(A) as "a continuous period * * * during which an individual was under a disability * * *."

Under the plaintiff's theory the Secretary would not only have to determine upon this application whether she was disabled in February, 1970, but also whether she was in fact disabled from 1962 through 1965. In making the latter determination he would have to base his decision on evidence from five to eight years old and in so doing he must ignore the clear and unambiguous provisions of § 416(i)(2)(B), (E) and (F), *supra*.

It appears that the above provisions of the law were written for the specific purpose of precluding the presentment of stale claims for determination of disability. Under those provisions an application for determination of disability may not be considered unless it is filed not more than 12 months after the period of disability ends. Henry v. Gardner, 381 F.2d 191 (6th Cir. 1967), cert. denied, 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967), rehearing denied 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864 (1968).

It is our conclusion that the 12 month limitation provision must be given effect and that the Secretary was correct in refusing to consider whether the plaintiff was in fact disabled from 1962 through 1965. This period of time was, therefore, not a "period of disability" within the meaning of the Act and it was properly included in the 40-quarter calculation.

The decision of the Secretary denying benefits to the plaintiff is supported by substantial evidence and the Motion For Summary Judgment is sustained.

It is so ordered.