**Essie B. CLARK, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**No. EC 72–16–S.**

United States District Court,
N. D. Mississippi, E. D.

Oct. 12, 1972.

Paul K. Bramlett, Tupelo, Miss., for plaintiff.

H. M. Ray, U. S. Atty., Falton O. Mason, Jr., Asst. U. S. Atty., Oxford, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This is an action to obtain judicial review[1] of the determination by the Secretary of the Department of Health, Education, and Welfare (Secretary) that plaintiff, Essie B. Clark (Claimant), was not entitled to a period of disability

---

1. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g) (1969).

1

**2**

or disability insurance benefits under the Social Security Act.[2]

Claimant filed her application for the establishment of a period of disability and disability insurance benefits with the Social Security Administration on January 11, 1971, alleging the onset of disability as of March 31, 1970. The Bureau of Hearings and Appeals (Bureau) disallowed the application by letter dated March 12, 1971. Upon claimant's request for reconsideration the Bureau affirmed the initial disallowance on May 12, 1971. Claimant then requested a hearing before a Hearing Examiner. The hearing was conducted at Tupelo, Mississippi on July 12, 1971. Claimant and her husband appeared before the Hearing Examiner and gave testimony in support of the claim.

The Hearing Examiner rendered a decision which was filed with the Bureau on September 27, 1971. He concluded that claimant was not entitled to a period of disability or to disability insurance benefits under the Social Security Act, §§ 216(i) and 223.[3] The Appeals Council affirmed the decision of the hearing examiner and the decision thereupon became the final decision on December 22, 1971. The action sub judice was timely filed by claimant seeking a review of the decision. Section 205(g) of the Social Security Act provides that: "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C.A. § 405(g) (1969).

■ It is the well established rule that the function of this court is not to reevaluate the evidence or to try the action de novo, but, rather, to determine whether there is substantial evidence in the record to substantiate the decision of the Secretary. Thus, this court's role is a limited one. Rome v. Finch, 409 F.2d 1329 (5th Cir. 1969); Labee v. Cohen, 408 F.2d 998 (5th Cir. 1969); Martin v. Finch, 415 F.2d 793 (5th Cir. 1969); Gray v. Secretary of Health, Ed-

ucation, and Welfare, 421 F.2d 638 (5th Cir. 1971); Hart v. Finch, 440 F.2d 1340 (5th Cir. 1971).

The Social Security Act places the burden on claimant to prove that she was "disabled" within the meaning of the Act. Moreover, in determining whether claimant has discharged this duty, it is the province of the Secretary to weigh all the evidence and to resolve conflicts in the record. Hart v. Finch, *supra*, at 1341.

■ The record reflects that claimant is forty-one (41) years of age. She is married and has six children under eighteen (18) years of age. She has two children over eighteen years of age. Her husband is disabled and draws disability insurance benefits under the Social Security Act.

Claimant contents that she has a "blood condition" which prevents her from engaging in any substantial gainful activity. She alleges an inability to work since March 31, 1970. The Hearing Examiner found that she had no impairment or impairments precluding her from engaging in substantial gainful activity, including her former work. She was formerly employed in a chicken processing plant, where she cut, packed, weighed and graded chickens, and she also worked for a short time as an assembler in a commercial light fixture manufacturing plant.

It is unnecessary for the court to enter into a detailed discussion of the evidence considered by the Hearing Examiner. Suffice to say the evidence was conflicting and it was the prerogative of the Hearing Examiner to resolve the conflicts. Claimant and her husband testified that claimant was incapacitated to perform any substantial gainful activity. Dr. S. Jay McDuffie, claimant's attending physician, submitted a medical report dated February 3, 1971, in which he stated that claimant suffered from a chronic anemia for a number of years, and that there was some evidence of pel-

---

2. Sections 216(i) and 223 of the Social Security Act; 42 U.S.C.A. §§ 416(i), 423 (1969).

3. 42 U.S.C.A. §§ 416(i) and 423 (1969).

vic inflammatory disease and swelling of feet and ankles. Dr. McDuffie also stated that claimant had had several children without complications. His impression was that claimant was suffering from secondary anemia, neuro-circulatory asthenia, multiple neuritis and benign hypertension. An undated certificate was received by the Hearing Examiner from Dr. McDuffie which states "This is to certify that Essie Bell Clark is still disabled to do her regular work. Pt. is totally disabled to work". After the hearing before the Hearing Examiner the Bureau received a supplemental report from Dr. McDuffie represented by a letter to claimant's attorney, dated December 6, 1971. Dr. McDuffie's letter concluded that "from symptomatic standpoint it is apparent that patient is unable to do her regular work and apparently is totally disabled at home as far as work is concerned. However, we do not have the physical data available at present to substantiate total disability".

The only other medical evidence in the record is contained in a report by Dr. Henry J. Kellum which is undated but was received by the Hearing Examiner on July 15, 1971. Dr. Kellum commented:

"Subj. named claimant was seen by me in my office August 25, 1970 for preemployment exam. Blood pressure in the left arm was 70/120 and she was rejected for employment and referred to her physician.

She was seen for the second (and last time) on September 4, 1970 with a note from her physician that she was under care and treatment and that her blood pressure had responded. On that day a reading of 160/100 in the left arm was obtained".

The record reflects that claimant repeatedly declined rehabilitation services offered to her through the Vocational Rehabilitation Division, Department of Education, State of Mississippi.

The Hearing Examiner concluded "[t]hat claimant has not shown by competent medical evidence the presence of physical and/or mental impairment or impairments resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinic and laboratory diagnostic techniques, of such degree of severity as to preclude her from engaging in any substantial gainful activity for any continuous period of twelve months commencing on March 31, 1970, or at any time thereafter even to the date of this decision." The court is of the opinion that there is substantial evidence in the record to sustain this finding.

In summary, the court holds that the Secretary's final decision that claimant is not entitled to disability insurance benefits or to a period of disability is supported by substantial evidence and must therefore be affirmed.

Accordingly, defendant's motion for a summary judgment will be sustained and an order will be entered dismissing the complaint on the merits.