**Virginia DIXON, Plaintiff-Appellant,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 73-3205.**

United States Court of Appeals, Fifth Circuit.

June 5, 1974.

Steven Gottlieb, Atlanta, Ga., M. Victor Geminiani, Brooklyn, N. Y., for plaintiff-appellant.

John W. Stokes, Jr., U. S. Atty., Charney K. Berger, Julian M. Longley, Jr., Asst. U. S. Attys., Atlanta, Ga., Carl H. Harper, Regional Atty., Dept. of H. E. W., Carol C. Conrad, Asst. Reg. Atty., Atlanta, Ga., Eloise E. Davies, Dept. of Justice, Civil Div., App. Sec., Morton Hollander, Dept. of Justice, Chief, App. Sec., Washington, D. C., for defendant-appellee.

Before RIVES, GEWIN and RONEY, Circuit Judges.

GEWIN, Circuit Judge:

This is an action to review the decision of the Secretary of Health, Education and Welfare denying Virginia Dixon's claim for disability benefits. The hearing examiner's decision became the Secretary's final decision when the Appeals Council approved it. Upon review in the district court summary judgment was granted in the Secretary's favor. On this appeal Mrs. Dixon makes a two pronged attack. First, she alleges that it has been erroneously determined that she is not medically disabled within the terms of the statutory scheme [1] and the regulations promulgated pursuant thereto.[2] Second, she contends that the statutory scheme is unconstitutional because it violates the due process clause of the fifth amendment. Finding merit in appellant's first argument we reverse and remand the order of the district court granting summary judgment in order to permit further consideration by the Secretary. Although it is not necessary to reach the merits of the appellant's constitutional claim and we expressly decline to do so, we do note that the claim may be rendered impotent by a recent decision of this court in Sullivan

---

1. *See* 42 U.S.C.A. § 402(e); 42 U.S.C.A. § 423(d)(2)(B).

2. *See* 20 CFR 404.1504.

v. Weinberger, 493 F.2d 855 (5th Cir. 1974).

As is the case with many married women, Mrs. Dixon does not have a sufficient work history to entitle her to disability benefits on her own account. Her husband, however, was fully insured at his death in 1968, and Mrs. Dixon is entitled to benefits as his widow. Section 223(d)(2)(B) of the Social Security Act[3] defines disability for widows claiming under their spouse's account as follows:

> (B) A widow, surviving divorced wife, or widower shall not be determined to be under a disability (for purposes of section 202(e) or (f)) [42 U.S.C.A. § 402(e) or (f)] unless his or her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity.

Pursuant to the statutory plan the Secretary has formulated regulations in order to evaluate the disability of such widows. These regulations provide that an individual's medical impairments must be considered in combination.[4]

Mrs. Dixon is a fifty-four year old obese black woman with a fourth grade education who suffers from a variety of physical and mental impairments. In 1965 she underwent a surgical procedure on her intestines which necessitated a colostomy. She testified that at times she still has no control over her bowels. The appellant also complains of daily vomiting, weakness of her knees and hot flashes. At various times she has suffered from back pains and "pin like" pains in her side and chest.

The appellant also has a long and detailed history of psychiatric disorders and treatment. Her condition has alternatively been described as chronic undifferentiated schizophrenia, depression neurosis and anxiety attacks. Symptoms have included hearing voices, tension headaches, hallucinations and pulling out all of her hair. A consulting psychiatrist notes that she speaks in a low voice marked by some retardation. He estimates her verbal intelligence in the dull normal range.[5] Her condition fluctuates from moderate to severe, but apparently her symptoms can be somewhat controlled by medication and supportive therapy.

On occasion Mrs. Dixon has been employed as a maid, but most of her time has been spent fulfilling the duties of a housewife. After the death of her husband she attempted to perform heavy manual work in a cotton mill, but she was terminated after approximately one year because of her physical disability.[6] An examining physician has found her

---

3. 42 U.S.C.A. § 423(d)(2)(B).

4. 20 CFR § 404.1504 provides:
   A widow or widower shall, for purposes of section 202(e) or (f) of the Act [42 U.S.C.A. § 402(e) or (f)], be determined to be under a disability only if, in the absence of evidence that he or she is engaged in substantial gainful activity—
   (a) His or her impairment or impairments meet the duration requirement in § 404.1501 and are listed in the appendix to this subpart; or
   (b) His or her impairment or impairments are not listed in the appendix to this subpart, but singly *or in combination* meet the duration requirement in § 404.-1501 and are determined by the Secretary to be medically the equivalent of a listed impairment.
   Such an individual shall not be found under a disability however, where he or she is engaged in substantial gainful activity. (Emphasis added)

5. The appellant was found to have a limited fund of general information. She did not know the identity of the current President of the United States or the current Governor of her home state, Georgia.

6. Mrs. Dixon was terminated at the cotton mill on May 23, 1970. She alleges that she became disabled May 22, 1970.

unfit for manual labor and because of her advanced age and limited education he would not recommend retraining. He did find, however, that with adequate treatment she should be able to work as a domestic servant or babysitter. Babysitting and domestic work are considered "gainful activity." [7]

■ Based upon the evidence of record the hearing examiner concluded that the appellant had failed to establish that she had an impairment or impairments of the severity listed in the Secretary's regulations or that her impairments were the medical equivalent of those listed. As a reviewing court it is our duty to scan the entire body of evidence, including that which is opposed to the Secretary's view.[8] Only if a review discloses that the Secretary's decision is supported by substantial evidence and that proper legal standards have been applied should the decision be affirmed.[9]

The appellant alleges that when each of her medical problems is considered in combination with the others as required by 20 CFR 404.1504 she then meets the Secretary's test of disability. She contends that her severe anxiety attacks render her emotionally unable to deal with the embarrassment of not being able to control her bowels.

The hearing examiner concluded that her impairments, considered separately or collectively, do not reach such a level of severity as to preclude any gainful activity. In drawing this conclusion he appropriately places heavy reliance on the reports of two physicians, Dr. Hamm and Dr. McDonald. Dr. Hamm was the physician designated by the Secretary to give a medical judgment in light of the medical evidence. He concluded that the appellant's impairments are not the medical equivalent of those listed in the Secretary's regulations. In both Dr. Hamm's reports,[10] however, there is no mention of the appellant's physiological problems, including her colostomy. Although Dr. McDonald, a consulting psychiatrist, discussed both the physiological and psychiatric impairments in his report, there is little discussion of their combined effect.

■ A review of the record suggests that the cumulative effect of Mrs. Dixon's medical impairments may indeed preclude her participation in any gainful activity. On the present record, however, we decline to make that determination. Nevertheless, we do find that the record does not contain substantial evidence to support the hearing examiner's conclusion on the collective effects of Mrs. Dixon's impairments. It is appropriate, therefore, to remand this case in order that the Secretary may give further consideration to the combined effect of Mrs. Dixon's medical problems. On reconsideration any additional evidence relevant to this issue should be received and considered.

During the course of oral argument this court was made aware of the close issue with respect to substantial evidence. The able counsel for the Secretary was interrogated on this issue, and while the point was not conceded, counsel would neither affirm or deny the existence of substantial evidence.[11]

---

7. See text accompanying note 3, *supra*.

8. Universal Camera Corp. v. NLRB, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456 (1951) ; Blanks v. Richardson, 439 F.2d 1158 (5th Cir. 1971).

9. Green v. Gardner, 391 F.2d 606, 607 (5th Cir. 1968).

10. Dr. Hamm was involved in both the initial determination and the reconsideration request filed by the appellant.

11. The following exchange transpired at oral argument:

[Counsel for the Secretary]

I suppose that in the time that the appellant has preserved he will address the substantial evidence question. I think that I will rest upon the record there. I will not try to persuade the court that she either is or is not medically disabled. If she can meet the strict medical disability

Accordingly the order of the district court granting summary judgment in favor of the Secretary is reversed and the case is remanded to that court with directions to remand the case to the Secretary for further consideration.

Reversed and remanded with directions.

test, and if there is substantial evidence to show that she did, or if the hearing examiner should have required more evidence than he required, of course the proper course for this court would be a remand to take additional medical evidence, but I don't think this is the case that requires that the baby be thrown out with the wash. It's possible for the determination to be considered on the substantial evidence issue without reaching the constitutional issue.
[The Court]
  Are you suggesting though, that there may not be substantial evidence to support the finding?
[Counsel]
  I would suggest that the court look very closely into the substantial evidence question. Yes, your honor.