**Mrs. Helen D. McGEE**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. A. No. 74–48.**

United States District Court,
M. D. Louisiana.

Dec. 16, 1974.

Doris Falkenheiner, Asst. Director, Legal Aid Society of Baton Rouge, Baton Rouge, La., Pamela S. Horowitz, Staff Atty., The Southern Poverty Law Center, Montgomery, Ala., for plaintiff.

Douglas M. Gonzales, U. S. Atty., Robert S. Leake, Asst. U. S. Atty., M. D. Louisiana, Baton Rouge, La., for defendant.

E. GORDON WEST, District Judge:

This action is brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of a decision by the Secretary denying claimant's application for a period of disability, and for disability benefits, as provided by the Act. This case being appropriate for decision by summary judgment, it has been submitted on the record, including a transcript of the hearing together with the briefs of counsel.

The claimant, Mrs. Helen D. McGee, applied for disability benefits with the Bureau of Disability Insurance on January 18, 1973, due to a liver and kidney condition. This claim was denied on February 27, 1973, and a requested reconsideration of the denial of benefits, made on March. 13, 1973, was also denied by letter of June 29, 1973. Claimant then requested a de novo hearing before the administrative law judge of the Bureau of Hearings and Appeals, which was conducted on September 19, 1973. A decision was rendered on November 7, 1973 denying claimant's request for a period of disability and disability benefits. The Appeals Council approved the decision of the examiner and, such approval constituting the Secretary's final decision, this appeal followed.

We conclude that there was substantial evidence before the Secretary to support his decision denying relief to this plaintiff.

■ Our role on review merely is to determine whether there is substantial evidence to support the Secretary's decision. Goodman v. Richardson, 448 F. 2d 388 (CA 5—1971); and ". . . the findings of the Secretary as to any fact, if supported by substantial evi-

dence, shall be conclusive . . . ." Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind [accepts] as adequate to support a conclusion,' . . . and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for a jury." Breaux v. Finch, 421 F.2d 687 (CA 5—1970); Columbia LNG Corp. v. Federal Power Comm., 491 F.2d 651 (CA 5—1974).

The burden of proof in Social Security cases rests upon the plaintiff. Hart v. Finch, 440 F.2d 1340 (CA 5—1971). The issue here is whether there is substantial evidence in the record, considered as a whole, to support the conclusion that Mrs. McGee is not disabled as that term statutorily has been defined. The role of the Court in reviewing administrative rulings concerning social security benefits has been summarized recently in Rivas v. Weinberger, 475 F.2d 255 (CA 5—1973), and in Hemphill v. Weinberger, 483 F.2d 1137 (CA 5—1973). A detailed summary of the evidence in the record of this case is unnecessary to perform this function. However, we will briefly relate the salient facts relied upon by the hearing examiner for his decision.

Mrs. McGee's chief complaints involve nerve problems (involutional melancholia), skin swelling (edema), and urological difficulties. She stopped work in November, 1971, as chief cook in a fraternity house due to hypertension and a "swollen heart." Her hypertension has been diagnosed as "mild" by Dr. Hulon Lott in May, 1973, and her heart rhythm was regular, with no abnormalities existing. When Mrs. McGee first filed her claim for disability benefits with the Bureau of Disability Insurance in January, 1973, "liver and kidney" problems were her major complaints. Following hospitalization in January, 1973, in Our Lady of the Lake Hospital in Baton Rouge, Dr. J. Hatcher wrote in a discharge note that she suffered from a lower urinary tract infecbiotics for a 6–8 week period while bebiotics for a 6–8 week period while anting observed as an out-patient, but that "there is no urological longterm disability." This substantiated a finding of no disability resulting from urological ailments.

■ Mrs. McGee has a medical history of recurrent edema resulting in swelling of the face, neck, hands, and feet. This history dates back until October 2, 1970, as the medical evidence shows. However, when she stopped work in November, 1971, the chief reason was hypertension; and when she first sought disability benefits, her difficulties were urological in nature. Not until the hearing before the administrative law judge did Mrs. McGee allege that her swelling problems were so severe as to be disabling. Since she did work for at least a year with this condition prior to her stopping work (for other reasons), we think that the administrative law judge had substantial evidence, including competent medical evidence, to conclude that this condition did not result in a disability.

In connection with plaintiff's allegation that she is suffering from involutional melancholia, she introduced the report of the Baton Rouge Mental Health Center dated August 29, 1973, which states:

"Mrs. McGee's only admission to this Center was on 4–17–72. Her diagnosis is involuntional Melancholia. Prognosis is fair. Presently, Mrs. McGee is being seen on a monthly basis for medication regulation. Prescribed medications are Sinequan, 50 mg. one tablet a. c. and Thorazine, 100 mg. one tablet h. s. Chemotherapy is to continue indefinitely."

Under the heading "Most Current Status" the Baton Rouge Mental Health Center's report stated:

"Our last contact with Mrs. McGee was on 7–26–73. On that date our

staff physician stated, 'Helen has not been feeling too well. She is more depressed, nervous, and doesn't sleep well.' "

That is all the evidence presented by the plaintiff in connection with her alleged disability resulting from involutional melancholia.

The administrative law judge considered this evidence and concluded that it did not warrant a finding of disability. He also concluded that all of the plaintiff's claimed impairments, considered collectively, did not warrant such a finding.

After plaintiff's claim for disability benefits was denied, she requested a psychiatric examination by an independent physician at the Government's expense. When this was not granted, she complained, and now complains, that to refuse such an examination is a "denial of due process under the 5th Amendment." There is no constitutional requirement that such an examination be tendered to the plaintiff. The Government does not have to prove the plaintiff's case. The plaintiff must carry the burden of proving her claim to disability benefits. Apparently the plaintiff misconstrues the purpose of 20 C.F.R. § 404.1527. That regulation gives the Secretary the right to compel a claimant to submit to physical or mental examination by a physician designated by him if he deems such an examination necessary. It does not obligate the Secretary to provide such an examination at the claimant's request. Since there was what the Secretary deemed sufficient evidence on the question of plaintiff's mental capacity to work presented by the plaintiff, the Secretary was under no obligation to provide the plaintiff with additional medical evidence. He was justified in refusing to furnish, at Government expense, additional medical examinations. We find no abuse of discretion in this regard.

It is clear from a reading of the opinion of the administrative law judge in this case that all of the medical opinions, as well as the testimony of the plaintiff and her lay witnesses, was carefully considered before the decision to deny benefits was made. The administrative law judge concluded, from this evidence, that the plaintiff had no impairment or combination of impairments that would preclude her from engaging in her regular work or occupation. After an independent review of the entire record in this case, this Court concludes that there was substantial evidence before the administrative law judge to justify this conclusion.

For these reasons, the motion of the plaintiff for summary judgment will be denied, and the motion of the defendant, the Secretary of Health, Education and Welfare, for summary judgment will be granted, affirming the decision of the administrative law judge and the Appeals Council and dismissing this suit.