Richard D. GRAHAM

v.

**David MATHEWS, Secretary of Health, Education and Welfare.**

Civ. A. No. 760002.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Nov. 6, 1976.

David A. Rothell, Franklin & Rothell, Shreveport, La., for plaintiff.

Donald E. Walter, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

## RULING

DAWKINS, Senior District Judge.

This is an action by plaintiff under 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of a decision by the Secretary, denying his application for a period of disability and for disability benefits as provided by the Act.

The Secretary filed an answer and motion for summary judgment, supported by brief, and also has filed the complete record in the case. Plaintiff has filed a brief in support of his contentions and seeks summary judgment based upon the record. He moves that oral argument be heard before we act upon the case. In view of the full record and excellent briefs by plaintiff and respondent, it is determined that oral argument is unnecessary, and plaintiff's motion is denied.

We carefully have examined all of the pleadings and the 136-page record, including all exhibits filed. Plaintiff filed his application for disability insurance benefits on February 28, 1974, alleging he has been unable to work since July 30, 1973, at age 46. He was born on May 24, 1927. His application was denied initially and, upon reconsideration, by the Bureau of Disability Insurance of the Social Security Administration on July 31, 1974.

Subsequently, the case was submitted to an Administrative Law Judge who conducted a hearing at Shreveport, Louisiana on April 11, 1975, with plaintiff present accompanied by his wife and his retained counsel.

At this time, medical reports were stipulated after examination and filed in the record. After being duly sworn, plaintiff and his wife testified at the hearing, as did the vocational expert who had made an examination of the record and who was in attendance.

In his petition filed here on January 5, 1976 plaintiff contended that he is totally and permanently disabled within the meaning of the Social Security Act, precluding him from engaging in any type of substantial, gainful activity due to his physical and nervous impairments, caused by spondylosis with pars defect, lumbar spine, gastritis; duodenal ulcer; congenital changes of L–5 – S–1, including spondylolysis and spina bifida occulta, with no acute pathology, calcification of aorta; and total disability due to back problems. He met the "insured status" of coverage under the Disability Amendments, as shown by the record, and will continue in that status until September 30, 1978. His earnings statement is found at Tr. 91, showing he had worked and had substantial earnings during the years 1951 through 1973.

■ Our role on review merely is to determine whether there is substantial evidence to support the Secretary's decision. *Goodman v. Richardson,* 448 F.2d 388 (5th Cir., 1971); and ". . . the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' . . . and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *Breaux v. Finch,* 421 F.2d 687 (5th Cir., 1970), and *Columbia LNG Corp. v. Federal Power Com'n,* 491 F.2d 651 (5th Cir., 1974).

■ The burden of proof in social security cases rests upon the plaintiff. *Kirkland*

*v. Weinberger,* 480 F.2d 46 (5th Cir., 1973) and *Hart v. Finch,* 440 F.2d 1340 (5th Cir., 1971). The issue here is whether there is substantial evidence in the record as a whole to support the administrative conclusion that Graham is not disabled, as that term statutorily has been defined. *Rivas v. Weinberger,* 475 F.2d 255, 257 (5th Cir., 1973).

There is no disagreement between plaintiff and the Secretary as to the medical reports in support of the history of plaintiff's alleged disabilities. Plaintiff testified, and his testimony was corroborated by that of his wife, as to his physical and nervous condition and his inability to drive a vehicle in traffic. This testimony shows that, at most, he could walk only two to three blocks without exhaustion and could complete only one turn with his lawnmower before having to stop and rest. Moreover, he was unable to attend to any of the duties requiring any exertion which normally he had been able to do with ease.

Plaintiff's attending physician was Dr. Joe Holoubek whose diagnosis after examination on January 17, 1974 was spondylosis with pars defect, lumbar spine; gastritis (Tr. 112). Further report is found at Tr. 114 by Dr. B. I. Rambach, an orthopedic surgeon, showing possibility of nerve root irritation at L–4, L–5, or even L–5, S–1, on the right side. After further examination, as found at Tr. 117, an January 17, 1974, Dr. Rambach found that a spinal fusion in the lower part of plaintiff's back was indicated and recommended; and that unless this was done, he would have continuous pain and difficulty in his back, and the condition probably would become worse rather than improve. He scheduled an operation upon plaintiff for January 29, 1974. At Tr. 119 on July 2, 1974, Dr. C. H. Mallory agreed with Dr. Rambach as to the L–5– S–1 condition and concluded that, unless he had surgical procedure, plaintiff would be totally disabled from working for an indefinite period of time. Dr. Holoubek's follow-up report on July 2, 1974 gave his further diagnosis of spondylosis, gastritis, rheumatoid arthritis, and syncopy, with prescribed

medication. Dr. Rambach, on September 11, 1974 (Tr. 126), confirmed his former diagnosis and concluded that plaintiff was totally disabled from performing any type of work because of his back problem. Dr. Harold R. Bicknell, an orthopedic surgeon, examined and evaluated plaintiff (whose report of June 3, 1975 was rendered after the administrative hearing). He, too, confirmed plaintiff's condition relative to the L–5 level and indicated plaintiff's history would indicate possible previous nerve root irritation into the right lower extremity. He concluded by stating "it is felt that the patient is disabled to perform duties of occupation which require prolonged bending, lifting, stooping, or excessive strain to the lower back area."

At the hearing conducted by the Judge, he propounded to the vocational expert called by him three hypothetical questions, including assumptions as to plaintiff's various physical conditions and impairments, and his historical background. The record shows that the first two hypothetical questions propounded were pertinent to and included the substantial medical record and lay testimony. To each of these questions the vocational expert conclusively stated that plaintiff did not have the skill to perform any sedentary work, and, moreover, was unable to perform any "light work" as gainful employment in the national economy. The Judge's third hypothetical question clearly went far afield from·plaintiff's established medical and factual history.

 The role of courts in reviewing a denial of Social Security disability benefits is extremely narrow, but this does not mean that they have abdicated their traditional judicial function of scrutinizing the record as a whole to determine the reasonableness of a decision reached. Social Security Act, §§ 205(g), 223(d)(2)(A), (d)(5), 42 U.S.C.A. §§ 405(g), 423(d)(2)(A), (d)(5). We also are aware that once a social security disability claimant succeeds in establishing inability to perform his usual work, the burden shifts to the Secretary to show that there is some other kind of "substantial, gainful work" which the claimant is able to perform.

*Lewis v. Weinberger,* 505 F.2d 584 (5th Cir., 1975).

 From the record, we consider that plaintiff has met his burden of proof to show that he is disabled within the meaning of the Act, as enunciated in *DePaepe v. Richardson,* 464 F.2d 92 (5th Cir., 1972). We further find that the Secretary has failed to meet his burden of proof by showing that there is some kind of substantial, gainful work which plaintiff is able to perform. *Lewis v. Weinberger, supra.* Based upon the complete record and totality of the evidence, we find here there is insubstantial evidence to support the finding by the Secretary that plaintiff is not under a disability. *Lewis v. Weinberger, supra; Dixon v. Weinberger,* 495 F.2d 202 (5th Cir., 1974).

Consequently, the motion for summary judgment urged by the Secretary is DENIED, and judgment hereby is entered for plaintiff, directing the Secretary to grant plaintiff the disability insurance benefits to which he is entitled. A proper decree should be presented within five (5) days by counsel for plaintiff.