**Raymond L. VINES**

v.

**Joseph A. CALIFANO, Jr., Secretary, Health, Education and Welfare.**

**Civ. A. No. 760765.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

Dec. 21, 1977.

Harvey P. DeLaune, DeLaune & Blondeau, Bossier City, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

## RULING

DAWKINS, Senior District Judge.

This action was filed July 23, 1976 under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for review of a decision by the Secretary denying plaintiff's application for a period of disability and for disability insurance benefits under the Act.

Subsequently, on March 30, 1977, plaintiff filed a first supplemental and amended petition to which was attached a further medical report dated February 23, 1977. Defendant, on April 19, 1977, moved to strike plaintiff's first supplemental and amended petition and an opposition to remand motion. After consideration, the Court granted defendant's motion to strike. The Secretary filed an answer and a motion for summary judgment, supported by brief,

and also has filed the complete record in the case. No further pleading was filed by plaintiff.

We carefully have examined the pleadings and the 144-page record, including all exhibits filed. Plaintiff filed his application for a period of disability and for disability insurance benefits on July 23, 1975, alleging that he became unable to work on January 30, 1975, at age 39. The application was denied initially on September 9, 1975 and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration, based upon evaluation of the evidence by a physician and a disability examiner of the Louisiana State Agency who found plaintiff was not under a disability, this denial being entered November 13, 1975.

Upon timely request, a *de novo* hearing was conducted by the Administrative Law Judge at Shreveport, Louisiana on March 4, 1976.

Plaintiff was present and represented by counsel. His wife, and three friends, all testified at the hearing. The Law Judge explained to plaintiff and his counsel the nature of the hearing, an examination was made of the exhibits, and with no objection by plaintiff, these were filed in evidence. The Law Judge, after considering all evidence received, made findings of fact and conclusions of law, holding that plaintiff was not entitled to a period of disability or to disability insurance benefits under Sections 216(i) and 223, respectively, of the Social Security Act, as amended, based upon his application filed on July 23, 1975. This decision was rendered on March 17, 1976 (Tr. 5–15).

On appeal, the Appeals Council, after considering all evidence, affirmed the decision of the Administrative Law Judge on May 27, 1976 (Tr. 3).

The record shows that plaintiff was born on April 12, 1935. He has a high school education, worked as a service station attendant and performed other menial labor before enlisting in the Air Force as a career. He served twenty years and six months, receiving an ordinary retirement from service on January 30, 1975, alleged onset date of his disability. The record shows that, in 1968, while still in service, plaintiff worked part-time as a shipping and receiving clerk in order to earn extra money.

Plaintiff's earnings statement is found at Tr. 98, showing earnings from 1952–1975. He had insured status at the hearing which continues through March 31, 1980.

In his petition filed July 23, 1976, plaintiff contends he is totally and permanently disabled within the meaning of the Act, precluding him from engaging in any type of substantial, gainful activity, and asserts in Article 11 of this petition:

"The evidence produced in the course of the administrative determinations, hearings and reviews referenced above, show without substantial contradiction that the plaintiff was severely and continuously disabled and that such disability rendered him unable to engage in any substantial gainful activity within the meaning of the Social Security Act. The findings of the Social Security Administration and the Secretary to the contrary lack any substantial support by the evidence."

In his initial application for benefits, plaintiff alleged he became disabled on January 30, 1975, at age 39, because of Graves Disease, hypertension, disc disease of the cervical spine, plus osteoarthritis and chronic pulmonary disease. Following the hearing, the Law Judge determined that plaintiff has Graves Disease, involving severe exophthalmos, secondary to thyroid disease, hypertension, gout, and occasional double vision.

Our role on review merely is to determine whether there is substantial evidence to support the Secretary's decision. *Goodman v. Richardson*, 448 F.2d 388 (5th Cir. 1971); and " . . . 'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971): "'Substantial evidence is more than a scin-

tilla, and must do more than create a suspicion of the existence of the fact to be established. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," . . . and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.'" *Breaux v. Finch*, 421 F.2d 687 (5th Cir., 1970), and *Columbia LNG Corp. v. Federal Power Com'n*, 491 F.2d 651 (5th Cir., 1974).

■ The burden of proof in social security cases rests upon the plaintiff. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir., 1973) and *Hart v. Finch*, 440 F.2d 1340 (5th Cir., 1971). The issue here is whether there is substantial evidence in the record as a whole to support the administrative conclusion that Mr. Vines is not disabled, as that term statutorily has been defined. *Rivas v. Weinberger*, 475 F.2d 255, 257 (5th Cir., 1973).

■ There is no disagreement between plaintiff and the Secretary as to the medical reports in support of the history of plaintiff's alleged disability. Plaintiff testified that, due to the Graves Disease, his eyes bulge. He has to tape his eyes shut to sleep at night and is often required to wear a patch over one eye or otherwise he has double vision. He further testified that his eyesight has bothered him for about two and one-half years. He has been treated for his problem but has noted no improvement since January, 1975, and feels that his conditions might even have grown worse.

Plaintiff's testimony is substantiated by that of his wife who stated that she had been married to him for twelve years. They never go anywhere and can't do the things they formerly did as a family group. She stated further that claimant stays in bed much of the time and seems to be in pain about two-thirds of the time, has trouble sleeping, keeps the room dark in the den to watch (and mostly listen) to television, and sleeps with his eyes taped closed. She described the taping of the eyes as placing a gauze pad over his eyes using a special kind of tape and placing a black mask over his eyes so that he could sleep and get some rest at night. He has to take sleeping pills often, as well as tranquilizers in order to get to sleep. Early in the mornings he has to clean his eyes with special medication, has to inject artificial tears, and then dresses himself.

Plaintiff's testimony is corroborated by Jack Faw, a neighbor, who testified that he knows plaintiff is not able to do his usual household chores and yardwork. Mr. Faw testified at length as to his disability, his being unable to do his yardwork, mow the lawn, or do anything requiring any strenuous effort. He also testified that, even during the day, plaintiff has to wear a patch on one of his eyes. Frequently, he drives plaintiff where he wants to go and generally helps to look after him.

Plaintiff testified that, when he was retired from military service, he was in the hospital in January of 1975. He further testified that, before retirement, he was called a command control technician. He worked in what was called a command post on a console. When his eyes got so bad that he could not do this, he was put in another position and worked short hours during the day so that he could finish out his retirement. (Tr. 37–38). Plaintiff testified as to the condition of his legs and joints, and especially his knee joints, which made a grinding noise when he tried to stoop or bend. (Tr. 39–43). The Law Judge examined plaintiff's legs and found the scar tissue which resulted from the Graves Disease which all doctors considered was the primary cause of his condition. Regarding his eyes, plaintiff testified that he can't blink his eyes like a normal person. He has to use artificial tears by using drops six or eight times a day just to keep them lubricated. The only way he is able to read and get through his class is to block off one eye and read two or three minutes, then block off the other eye to keep from having double vision. He further stated that he is not able to watch television, but listens to it a lot. (Tr. 59–61).

The testimony by plaintiff at the hearing, Tr. 23–88, shows that plaintiff is disabled to

the extent of not being able to be gainfully employed in any type occupation, in order to earn money. This is corroborated by testimony of his wife and the witnesses who appeared at this hearing.

In addition to the lay testimony adduced before the Law Judge, we have examined the record, Tr. 121–128; the medical reports from Lackland Air Force Base covering plaintiff's hospitalization from September 16, 1974 to September 30, 1974. Also, at Tr. 129–136, the medical records from Lackland, 5–20–75 to 8–14–75, the medical report from Dr. James Priddy dated 9–29–75 at Tr. 137–138; the report of Hilton F. Wall, Major in the medical corps at Barksdale Air Force Base, dated 11–19–75 at Tr. 139–140; and James F. McDonald II, Major in the medical corps at Barksdale Air Force Base, dated 11–19–75, Tr. 141. All of these reports show that plaintiff indeed is disabled from all gainful employment. We find the Law Judge's findings in Paragraphs Numbered 5, 6, and 7 to be incompatible with the evidence adduced at the hearing including the lay testimony and the medical evidence entered as exhibits. Therefore his conclusions clearly are erroneous.

The undisputed record clearly shows that plaintiff was hospitalized and unable to perform his duties in the Air Force when he was discharged. He has continued in that condition since then and even to date of the hearing, apparently even to the present time.

■■ The role of the courts in reviewing a denial of Social Security disability benefits is extremely narrow, but this does not mean that they have abdicated their traditional judicial function of scrutinizing the record as a whole to determine the reasonableness of a decision reached. Social Security Act, §§ 205(g), 223(d)(2)(A), (d)(5), 42 U.S.C.A. §§ 405(g), 423(d)(2)(A), (d)(5). We also are aware that once a social security disability claimant succeeds in establishing inability to perform his usual work, the burden shifts to the Secretary to show that there is some other kind of "substantial, gainful work" which the claimant is able to perform. *Lewis v. Weinberger*, 515 F.2d 584 (5th Cir., 1975).

■ We consider plaintiff has met his burden of proof by showing that he is disabled within the meaning of the Act, as enunciated in *DePaepe v. Richardson*, 464 F.2d 92 (5th Cir., 1972). We further find that the Secretary has failed to meet his burden of proof by showing that there is some kind of substantial, gainful work plaintiff is able to perform. *Lewis v. Weinberger, supra; Dixon v. Weinberger*, 495 F.2d 202 (5th Cir., 1974).

At the *de novo* hearing before the Administrative Law Judge, there was no medical examiner or vocational expert present to listen, examine records or to testify. It never was shown by any evidence that plaintiff was able to resume his former occupation or any other type of sedentary or menial work. *Graham v. Mathews, Secretary*, 422 F.Supp. 950 (D.C.W.D.La., 1976).

Consequently, the motion for summary judgment urged by the Secretary is DENIED, and judgment hereby is entered for plaintiff, directing the Secretary to grant plaintiff the disability insurance benefits to which he is entitled. A proper decree should be presented within five (5) days by counsel for plaintiff.