**James H. HEMPHILL, Plaintiff-Appellant,**

v.

**Caspar W. WEINBERGER, Secretary, Department of Health, Education and Welfare, Defendant-Appellee.**

No. 72–2584.

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1973.

Rehearing Denied Oct. 10, 1973.

---

David W. Palmer, Crestview, Fla., for plaintiff-appellant.

William H. Stafford, Jr., U. S. Atty., J. Worth Owen, Asst. U. S. Atty., Pensacola, Fla., for defendant-appellee.

Before GOLDBERG, AINSWORTH and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

James H. Hemphill appeals from the district court's judgment which affirmed the final decision of the Secretary of Health, Education and Welfare denying him disability insurance benefits. Hemphill filed his claim with the Social Security Administration in May 1968, asserting that he was totally and permanently disabled as of December 15, 1967. After the initial administrative determination that he was not disabled a *de novo* hearing was held before a hearing examiner. The hearing examiner likewise found that appellant was not disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d), as amended, and his decision became the final decision of the Secretary. Hemphill appealed to the district court, which subsequently remanded the case to the Secretary for clarification testimony as to appellant's disability from Dr. Herman Schrieber, Jr. After receiving this testimony the hearing examiner again denied the claim. That decision became the final decision of the Secretary, and on appeal the district court upheld this conclusion by granting the Secretary's motion for summary judgment.

The issue here is whether there is substantial evidence in the record as a whole to support the conclusion that Hemphill is not disabled as that term has been statutorily defined. Finding that there is such evidence in this record, we affirm.

In order to be eligible for disability insurance benefits a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1). Moreover, "an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A).

This Court's role in the administration of Social Security disability benefits has been recently summarized in Rivas v. Weinberger, 475 F.2d 255, 257 (5th Cir., 1972), as follows:

"Our function in reviewing fact findings of the Secretary is limited to determining whether there is substantial evidence in the record, considered as a whole, to support them. 42 U.S.C.A. § 405(g); *see* Ward v. Celebrezze, 5th Cir. 1963, 311 F.2d 115, 116. Substantial evidence is 'more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' Breaux v. Finch, 5th Cir. 1970, 421 F.2d 687; *see* 4 K. Davis, Administrative Law Treatise § 29.02 (1953)."

It is unnecessary to undertake a detailed summary of the evidence in this record in order to perform this function. Mr. Hemphill testified that if it were not for gout and arthritis he would still be working. Although the record establishes that he also suffers from hypertension, it is clear that his hypertension,

standing alone, does not furnish a basis for concluding that he cannot engage in substantial gainful activity. The crucial issue is whether appellant suffers from gout or arthritis, or both, to a degree rendering him disabled under the statute. On this point there is conflicting evidence; the Secretary must resolve such conflicts. Payne v. Weinberger, 480 F.2d 1006 (5th Cir., 1973); Grant v. Richardson, 445 F.2d 656 (5th Cir., 1971).

Dr. Herman Schrieber, Jr. a Board-certified orthopedist, found that Mr. Hemphill did suffer from "a bona fide case of gouty arthritis" and noted that "during attacks of acute gouty arthritis involving any joint, one can expect a patient to become completely disabled." He continued, however, with the following statement: "There is good reason to state that in this case between the attacks the patient from the musculo-skeletal point of view should be capable of a moderate amount of activity. I believe this patient is capable, therefore, of the usual amount of walking required of a man in his late 50's and 60's, including climbing stairs, ascending and descending steps and busses and driving his own motor vehicle. I think on a working basis, he is capable of a moderate amount of activity and on occasions even strenuous activities. I would expect that periodically this patient might indeed have an acute flare-up of gouty arthritis and that this should only temporarily prevent his gainful employment." Dr. Schrieber also concluded that appellant did not suffer from a significant degree of arthritis apart from the gout. His conclusions were based on a physical examination of Mr. Hemphill, as well as, an examination of x-rays taken by a radiologist.

On remand, pursuant to the district court's order, Dr. Schrieber testified in person and was subject to cross-examination by appellant's attorney. In addition to reaffirming the statements made in his initial report, the doctor stated that he believed Mr. Hemphill "could do most things in a filling station with the

exception perhaps of the most difficult, like changing a great truck tire without any mechanical aids." This testimony is particularly damaging to appellant because he was working at a filling station prior to the alleged onset of his disability. And, in response to a question from appellant's attorney concerning the type of work within Mr. Hemphill's physical capabilities, Dr. Schrieber said that he could engage in "almost all sales activities such as working in clothing stores, hardware stores, and grocery stores. For instance, if this man were required to work in a grocery store, I think he would be capable of stacking shelves. I think he could do most activities at a service station. I think he's capable of standing on his feet for a number of hours a day without severe pain on those days. I think he could drive a truck, a pick-up vehicle." [1]

Appellant argues that Dr. Schrieber's testimony should be ignored because he only examined appellant from a musculo-skeletal standpoint. The purpose of Dr. Schrieber's examination was solely to determine whether appellant was disabled by his gout or arthritis. The hearing examiner did not rely on his testimony for any other purpose. As the district court recognized by its decision to remand the case for a more explicit statement of Dr. Schrieber's views as to appellant's disability, this case turns, as we have previously stated, on whether Mr. Hemphill is disabled because of the condition of his musculo-skeletal system.

Appellant relies on Williams v. Finch, 440 F.2d 613 (5th Cir., 1971), as authority for reversing the district court here. We held in Williams that there was not substantial evidence to support the Secretary's denial of benefits, pointing out that "the salient feature of this case, which sets it apart from the usual Social Security disability case, is that there is no statement of record by any medical expert that claimant is *not physically disabled*." Id. at 616 (emphasis in original). The *Williams* court also relied on the fact that the Division of Disability Operations of the Social Security Administration had rejected the claimant for vocational rehabilitation because of the severity of his disabling impairment. It is apparent that *Williams* is inapposite to the facts here.[2]

 In conclusion there is evidence in this record from which a reasonable man could conclude that James H. Hemphill is not disabled within contemplation of the Social Security Act. We are therefore bound to affirm the district court's judgment upholding the Secretary's decision to deny disability benefits to him.

Affirmed.

A review of the record leaves us convinced, however, that the hearing examiner made the necessary factual findings to support his conclusions and did not ignore or give insufficient weight to appellant's evidence.

---

1. Mr. Hemphill's testimony revealed that he had only quit driving a short period prior to the hearing because of an accident and not for physical reasons.

2. Appellant vigorously attacks the Secretary for failing to make certain factual findings.