**Bonnie MILLER**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

**No. CA 3–74–165–C.**

United States District Court,
N. D. Texas,
Dallas Division.

March 5, 1975.

---

Walter J. Woodman, Waxahachie, Tex., for plaintiff.

Frank D. McCown, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., for defendant.

## OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

The plaintiff, Mrs. Bonnie L. Miller, asks the Court to review a final decision by the Secretary of Health, Education and Welfare which denied her claim for a period of disability (disability freeze) and for monthly disability insurance benefits under the Social Security Act, 42 U.S.C. § 423, as amended. The plaintiff filed an application for a period of disability and for disability insurance benefits on January 30, 1973, alleging that she became unable to work on July 2, 1967, at age 50. The application was denied initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration, after the Texas State Agency had found that the plaintiff was not under a disability. The Administrative Law Judge, before whom plaintiff appeared, considered the case *de novo*, and on October 12, 1973, found that plaintiff was not under a disability starting on or before March 31, 1970, when she last had the necessary disability insured status. The Administrative Law Judge's decision became the final decision of the Secretary of Health, Education and Welfare when the Appeals Council approved the decision on December 28, 1973.

The issue presented to this Court is whether there is "substantial evidence" in the entire record to support the Secretary's decision and findings of fact. More specifically, is there "substantial evidence" to support the finding that the plaintiff was under no "disability" as defined by the Act, 42 U.S.C. § 416(i) and 423(d)', on or prior to March 31, 1970, when she last met the special earnings requirement? I must hold that the Secretary's decision is not supported by "substantial evidence".

The plaintiff's burden under the law requires her to establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment", 42 U.S.C. § 416(i) and 423(d)(1)(A). Pursuant to 42 U.S.C. § 423(d)(3), a medically determinable physical or mental impairment is one that results from anatomical, physiological, or psychological abnormality which is demonstrable by medically acceptable clinical and laboratory diagnostic techniques. McCarty v. Richardson, 459 F.2d 3 (5th Cir. 1972); Ratliff v. Richardson, 445 F.2d 440 (5th Cir. 1971).

In discharge of her burden, Mrs. Miller submitted medical evidence in the form of diagnosis and prognosis reports from her personal physician, Dr. J. N. Stewart, D.O. According to Dr. Stewart, the plaintiff was disabled within the meaning of the Social Security Act, as amended, at least from August, 1968, to September 5, 1973, which would include more than the 12-month period of continuous disability prior to March 31, 1970, which is required by the Social Security Act, as amended.

Further medical evidence presented on the plaintiff's behalf by Dr. Charles M. Hawes, M.D., an orthopedic surgeon, shows that as late as October, 1972, the disabilities described by Dr. Stewart as having been noticed by him in relation to the plaintiff's condition as of August, 1968, were continuing, thus showing a continuous degeneration of the plaintiff's physical condition.

Plaintiff's medical evidence as presented by Doctors Stewart and Hawes is uncontradicted by the defendant. The defendant has offered no evidence that the plaintiff did not suffer from a disability commencing July 2, 1967, and continuing up to March 31, 1970, or even up to January 30, 1973, the date of plaintiff's original application for disability insurance benefits and the beginning of the proceedings herein, or even up to the present time.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Hemphill v. Weinberger, 483 F.2d 1137 (5th Cir. 1973); Payne v. Weinberger, 480 F.2d 1006 (5th Cir. 1973). No "substantial evidence" will be found where there is no contrary medical evidence. Payne v. Weinberger, *supra*. In his opinion in *Payne,* Chief Judge Brown held:

> The issue was whether claimant was statutorily disabled as of December 31, 1962. The record shows that his condition had been diagnosed as rheumatoid arthritis and that he was disabled prior to that date. No medical evidence contradicts that and the medical consultant agreed, that in light of consistent post-1962 medical reports this initial diagnosis of 1962 was correct and the condition was continuing. . . . This is one of the rare cases in which the administrative decision is not supported.

In the instant case, the administrative decision is also not supported.