**Henry H. BRYANT**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare.**

Civ. A. No. 3–78–0603–C.

United States District Court, N. D. Texas, Dallas Division.

Feb. 19, 1980.

Charles H. Robertson, Robertson & Wilkinson, Dallas, Tex., for plaintiff.

Kenneth J. Mighell, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Plaintiff has brought his complaint pursuant to 42 U.S.C. § 405(g) in an effort to overturn a denial of Social Security disability benefits by the Secretary of Health, Education and Welfare.[1] There is no dispute nor is there any doubt but that this Court has jurisdiction over the controversy and the parties to it.

Plaintiff filed his initial claim for benefits on October 31, 1974. He contended that he was disabled permanently because of the loss of the use of his left arm, pain in the head and blackouts.

1. Soon to be the Secretary of Health and Human Services. See *The Department of Educa-* *tion Organization Act,* Public Law 96–88, October 17, 1979, 93 Stat. 668.

As rarely happens in a Social Security case, the Court is confronted with two controlling issues. The first is whether or not there is substantial evidence to support the decision of the Secretary.[2] The second issue that does not appear so often is whether or not the Secretary used the proper legal standard in evaluating the evidence.[3]

In essence, Plaintiff claims that either the Secretary has not taken into account all of Plaintiff's impairments for which a remand should be had, or that, if the Secretary did, there was not more than a scintilla of evidence to support the decision of the Secretary.[4]

The Administrative Law Judge and the Appeals Council on behalf of the Secretary did allow Plaintiff a disability period from June 15, 1973 to October 21, 1974. Plaintiff contends that he has been unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment"[5] since 1971 and continuing to date.

The Social Security Act in 42 U.S.C. § 423(d)(3) (1970) defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

There is no question but that Plaintiff's left arm has atrophied because of ulnar neuropathy. He does have an impairment because of it. In the discussion in Plaintiff's Brief in support of his Motion for Summary Judgment as it relates to his argument that the Secretary used an improper legal standard, Plaintiff contends at page 12 "that the [Administrative Law Judge] did not consider Plaintiff's pain, depression or cervical tension syndrome."

The Administrative Law Judge did consider Plaintiff's back ailment at page 2 of his decision in the second paragraph of his section entitled: *Evaluation and Rationale* but did not find a significant impairment.

It appears that the Secretary's position is that the pain and depression are separate impairments arising after the last eligibility date which are of no moment here. Plaintiff differs and says that these are part and parcel of the same impairment.

The Court finds that Plaintiff has the better argument. At the hearing before the Administrative Law Judge, Plaintiff and his wife testified that he had never recovered from the effects of the ulnar neuropathy and that his back had been impaired for many years, up to the date of the hearing on March 31, 1976. The Decision of the Administrative Law Judge noted at page 3 that Plaintiff had contended that he had received additional treatments for his conditions after the October 21, 1974, but that the records of the Dallas Veterans Administration Hospital subsequent to that date had not been obtained by the date of his decision.

So Plaintiff as of that date of decision had no medical evidence to support his claim of impairment and disability.

These medical records were acquired and exhibited to the Appeals Council along with a letter to Plaintiff's counsel from a Dallas Veterans Administration Hospital doctor.

The letter was forwarded to the Administrative Law Judge for his consideration. He found that it did not change his earlier decision.

But the medical records were not forwarded to the Administrative Law Judge for consideration.

The Court is of the opinion that the pain and depression are part of the same impairment as the ulnar neuropathy so they too should have been considered initially by the Administrative Law Judge. The decision of the Appeals Council affirming the Administrative Law Judge was only one page long

---

2. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), *Hemphill v. Weinberger,* 483 F.2d 1137 (5th Cir. 1973).

3. *Dixon v. Weinberger,* 495 F.2d 202 (5th Cir. 1974).

4. *Hemphill,* op. cit.

5. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A) (1970).

and did not discuss the additional medical records other than to say that they had been reviewed.

As Plaintiff's only real contention is that his disability continued after October 21, 1974, and there have been no findings by the Secretary based on the only available medical evidence as to Plaintiff's condition after October 21, 1974, no meaningful review of the decision of the Secretary can be had. As was stated in *Small v. Califano*[6] : "The Secretary has an obligation both to claimants and to reviewing courts to make full and detailed findings in support of his ultimate conclusion."

Because of this, the Court is of the opinion that Plaintiff has shown good cause and that this case should be remanded to the Secretary for consideration in the light of the additional evidence presented to the Appeals Council and if the Administrative Law Judge then believes further evidence should be taken, he shall do so and then enter his additional findings and conclusions.

**6.** 565 F.2d 797 (1st Cir. 1977), at p. 801.