A. C. SHANNON

v.

Joseph CALIFANO, Secretary of Health, Education, and Welfare of the United States.

No. CA 3–78–0373–C.

United States District Court, N. D. Texas, Dallas Division.

Feb. 27, 1980.

---

J. Kent Newsom, Pelletier, Dickens & Newsom, Dallas, Tex., for plaintiff.

Kenneth J. Mighell, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Plaintiff brought this action to obtain judicial review of a "final decision" of the Secretary of Health, Education, and Welfare, denying his claim for disability insurance benefits under Titles II and XVI of the Social Security Act. This Court has jurisdiction pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. Section 405(g). The Secretary has filed a Motion for Summary Judgment asking essentially that this Court affirm the earlier administrative findings against Plaintiff.

On January 27, 1977, Plaintiff filed an application for disability benefits and supplement security income. He claimed that he was permanently disabled beginning in February 1975 as the result of a back injury which occurred in September 1974. The Administrative Law Judge and the Appeals Council on behalf of the Secretary concluded that Plaintiff had the residual and mental capacity to engage in several former work activities, and that Plaintiff therefore was not under a disability for Title II purposes on or before March 31, 1976, when he was last insured for Title II benefits, or disabled for Title XVI purposes at any time.

■ The only issue before the Court is whether the final decision of the Secretary is supported by substantial evidence in the entire record. *Goodman v. Richardson*, 448 F.2d 388 (5th Cir. 1971). If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "Substantial" evidence is more than a scintilla but less than a preponderance of the evidence. It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" can be found only when there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973); *Payne v. Weinberger*, 480 F.2d 1006 (5th Cir. 1973).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A) (1970). It defines "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3) (1970).

The Secretary determined that Plaintiff's impairments did not render him totally disabled within the meaning of the Social Security Act, and an examination of the administrative record in this case reveals that the decision is based on substantial evidence, as it has been defined earlier. The Secretary did not find that Plaintiff does not have a back problem, but rather that the degree of physical and/or mental impairment evidenced by the objective medical findings does not impose functional restrictions on Plaintiff's activities of disabling severity. The Court is of the opinion that this decision is supported by substantial evidence, and therefore the Secretary's Motion for Summary Judgment must be granted.