Bernadette BOYLE, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 80–0836.

United States District Court,
E. D. Pennsylvania.

Dec. 19, 1980.

Eugene John Lewis, Philadelphia, Pa., for plaintiff.

Dawn M. MacPhee, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Secretary of Health, Education and Welfare[1] denying disability benefits to the plaintiff, Bernadette Boyle. The parties filed cross-motions for summary judgment and the matter was referred to a United States magistrate pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 46.[2] The magistrate recommended that the cross-motions for summary judgment be denied and the case be remanded to the Secretary for further findings. Although I am in full agreement with the learned magistrate's conclusions, I am constrained to make several additional observations in view of the deficiencies in the administrative record.

The plaintiff filed an application for disability insurance benefits on November 13, 1978, alleging disability as of September 1, 1978, due to "loss of hearing." (Tr. 83–86). The initial application was denied (Tr. 87) and, upon plaintiff's request for reconsideration, the denial was affirmed by a disability examiner who concluded that "the claimant retains the residual functional capacity to engage in his (sic) customary past work." (Tr. 89–90). The claim was then considered *de novo* by an administrative law judge before whom the plaintiff, her daughter, and counsel appeared. The evidence adduced at the hearing is comprehensively surveyed in the report of the magistrate and will not be examined in detail here. It is noteworthy, however, that there was extensive medical evidence introduced which consisted of reports by both treating and examining physicians and evaluations by two psychiatrists. There was a general consensus among the physicians that the plaintiff suffers from a marked hearing loss resulting from a longstanding condition of otosclerosis. (Tr. 121–127, 128, 131, 134).[3] Dr. Cecil Harris, a specialist in neuro-psychiatry, examined the plaintiff on two occasions and concluded that "it is inconceivable to me that Mrs. Boyle could return to her former employment. Working with vibrating heavy machinery where a combination

---

1. Effective on May 4, 1980, the designation "Department of Health, Education and Welfare" was changed to "The Department of Health and Human Services." 5 U.S.C. § 101 *as amended by* Department of Education Organization Act, Pub.L. 96–88, § 509, 93 Stat. 695 (1979).

2. Under the Revised Local Rules of Civil Procedure which went into effect on August 1, 1980, the standards governing referral of matters to United States Magistrates are now found under Local Rule 7.

3. Although the physicians were in agreement as to the diagnosis of Mrs. Boyle's hearing disorder, there was a marked disagreement as to the need for surgery. Dr. Miller, who examined plaintiff at the request of the Bureau of Vocational Rehabilitation recommended that the plaintiff undergo a left stapedectomy and predicted an 85–90% chance that the surgery would result in a successful hearing gain. (Tr. 121–122). In direct contrast to this evaluation, the plaintiff's treating physician, Dr. Sarkessian, stated that "I do not recommend an operation for this condition because of nerve damage." (Tr. 131). Finally, Dr. Martin Spector simply indicated that "it is possible that an operation could help, but there is no guarantee that such an operation is always successful." (Tr. 134). The administrative law judge did not consider the possibility of remedial surgery as mitigating the disabling effects of plaintiff's hearing disorder.

of her hearing difficulties and psychiatric problems could very well result in more serious injury to her." (Tr. 135).[4] The plaintiff was also evaluated by Dr. Joseph Saxon, who, although offering no opinion on plaintiff's ability to engage in gainful employment, diagnosed her condition as "anxiety neurosis." (Tr. 130).

Mrs. Boyle's testimony at the administrative hearing was consistent with these diagnoses. She was employed in a yarn mill operating a twisting machine for a period of twelve years. (Tr. 45). Her job consisted of loading and unloading a spindle machine and transferring the finished product into a hand truck. The finished bundles weighed approximately two pounds. (Tr. 46–47). She left her job on September 2, 1978, because she was experiencing dizzy spells, light-headedness, headaches, and nervousness. (Tr. 48–49). She attributed these conditions to her hearing problems which made it impossible for her to function in a noisy environment. (Tr. 56). The plaintiff now complains that she cannot travel alone because of her nervous condition (Tr. 60) and suffers from severe headaches, crying spells, and periods of depression lasting at times up to one month. (Tr. 64). Plaintiff's daughter, who also testified at the hearing, generally confirmed this aspect of her mother's testimony. (Tr. 72).

In a report dated October 23, 1979, the administrative law judge held that the plaintiff was not disabled within the meaning of the pertinent provisions of the Social Security Act. (Tr. 13–18). This decision was affirmed by the appeals council on December 7, 1979 (Tr. 3) after which the plaintiff brought this action for review of the Secretary's decision pursuant to 42 U.S.C. § 405(g).

■ In order for an individual to be entitled to disability insurance benefits, he must demonstrate that he is disabled within the meaning of Section 223(d)(1) of the Social Security Act, 42 U.S.C. § 423(d)(1). Under this provision, a person is disabled if his "impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial, gainful work which exists in the national economy ...." 42 U.S.C. § 423(d)(2)(A). Any findings of fact made by the Secretary in determining if a claimant is disabled within the meaning of this provision must be accepted as conclusive by a reviewing court if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Company v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). The administrative law judge's denial of disability benefits in the instant case was premised upon his findings that "the claimant does not and did not have an impairment or combination of impairments which significantly limited the ability to perform work related functions ...." and that "the claimant's testimony regarding her alleged impairment was not credible." (Tr. 18). I am in complete agreement with the learned magistrate's determination that the finding of non-impairment was unsupported by substantial evidence and cannot be sustained on review. However, I am equally troubled by the lack of evidentiary support for the administrative law judge's finding on credibility and will therefore remand the case for further consideration of that issue as well.

■ As the magistrate correctly recognized, the administrative law judge's report was deficient in two fundamental respects—his failure to examine and weigh

---

4. Dr. Miller also tendered the more general opinion that "this Fifty-four year old woman, with minimal education (8th grade Grammar School) is in my opinion unemployable either in an active or sedentary capacity." (Tr. 135). This opinion was concurred in by Dr. Sarkessian who indicated that in his professional opinion "Mrs. Bernadette Boyle in her present condition for all intents and purposes will get progressively worse and could not be gainfully employed in any capacity." (Tr. 136).

the evidence sufficiently, and his failure to apply correctly the standards governing burden of proof in a proceeding for disability benefits. It is well recognized in this circuit "that the special nature of proceedings for disability benefits dictates extra care on the part of the agency in developing an Administrative Record and in explicitly weighing all evidence." *Dobrowolsky v. Califano*, 606 F.2d 403, 406–407 (3d Cir. 1979). As the Court of Appeals has observed:

> In our view an examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based so that a reviewing court may know the basis for the decision. This is necessary so that the court may properly exercise its responsibility under 42 U.S.C. § 405(g) to determine if the Secretary's decision is supported by substantial evidence.

*Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974) cert. denied, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975); *see also Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978).

■ Of equal relevance to the disposition of this matter are those principles governing the burden of proof in a proceeding for disability benefits:

> There is a two pronged test for social security act disability: (1) determination of the extent of disability; and (2) determination whether that impairment results in inability to engage in substantial gainful activity. A claimant satisfies her initial burden of proof by showing that she is unable to return to her customary occupation [citations omitted]. Once she has made such a demonstration, the burden of proof shifts to the Secretary to show that the claimant, given her age, education and work experience has the capacity to perform specific jobs that exist in the national economy [citations omitted]. If there is no finding as to

availability of alternative employment a denial of disability benefits can only be sustained if there is medical evidence in the record that claimant's impairment did not prevent her from engaging in her former occupation.

*Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979). In the instant case, the plaintiff introduced extensive medical evidence in the form of clinical diagnoses and opinions which substantiated her subjective testimony of disability. Hence, in the absence of contradictory medical evidence, she clearly met her initial burden of demonstrating that she is unable to return to her original employment because of her disability. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980); *Dobrowolsky v. Califano*, supra, at 406. It then becomes incumbent upon the Secretary to establish that the claimant has the ability to engage in alternative substantial employment activity. *Rossi v. Califano*, supra, at 57. If the Secretary is unable so to overcome the claimant's prima facie case, a reviewing court may reverse the denial of disability benefits or remand for further hearings. *Livingston v. Califano, supra.*

As the magistrate correctly determined, the administrative law judge's conclusion that the plaintiff "retains the basic work-related function to engage in substantial gainful employment" is not supported by substantial evidence and cannot be sustained by this court on review. The administrative law judge did not identify the specific type of work, sedentary or otherwise, which he believed that the claimant is capable of performing nor did he make a finding that such work is available in the national economy for a person of Mrs. Boyle's age, abilities, educational background and past work experience. Further, there is absolutely no evidence in the record, in the form of either medical testimony or the opinion of a vocational expert, which would support a conclusion that the plaintiff is capable of engaging in alternative forms of employment. The case is therefore remanded to

the Secretary for a further hearing and additional findings of fact on this question.[5]

The administrative law judge also made a finding that "the claimant's testimony regarding her alleged impairment was not credible" (Tr. 18). Unquestionably, the subjective evidence of pain and disability testified to by the claimant is one of the elements of proof to be considered by the Secretary in determining whether a statutorily recognized disability exists. *Brittingham v. Weinberger*, 408 F.Supp. 606, 612 (E.D.Pa.1976); *Szumowski v. Weinberger*, 401 F.Supp. 1015, 1017 (E.D.Pa.1975). Hence, it was well within the purview of the administrative law judge's obligations as finder of fact to make a determination of plaintiff's credibility. *Brittingham v. Weinberger*, supra, at 613. "The Administrative Law Judge need not accept a claimant's testimony. He may not, however, simply disregard it; he must evaluate the substance of the testimony and make appropriate findings with respect to plaintiff's motivation and credibility." *Rosario v. Harris*, 492 F.Supp. 414, 418 (D.N.J.1980). *Mosey v. Califano*, 490 F.Supp. 1165, 1168 (W.D.Pa.1980). This obligation is not satisfied by the conclusory assertion that the plaintiff's testimony is not credible. As the Court of Appeals noted in a related context:

> It follows that the usual tests of credibility must be applied to the claimant's testimony .... In making such judgments, of course, the hearing officer is concerned with more than simply whether the claimant is being truthful to the best of his ability. The fact finder must consider factors such as accuracy of memory, opportunity to know the pertinent facts and ability or inability to present them because of intellectual or educational deficiencies. He must also weigh the possible effects of bias, conscious or otherwise. If, after applying the usual tests, the hearing officer is convinced that a claimant has presented objectively accurate facts, then his testimony is evidence that cannot be disregarded whether corroborated or not.

*Kephart v. Richardson*, 505 F.2d 1085, 1089 (3d Cir. 1974).

A review of the administrative law judge's report in this case reveals the complete absence of a subordinate factual foundation for his determination that the plain-

---

5. 42 U.S.C. § 405(g) provides that the reviewing court shall have the power to enter judgment on the basis of the administrative transcript "affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Hence, it is clearly within the power of this court to simply reverse the Secretary's denial of disability benefits and remand the case with a direction for the entry of an award of disability benefits. *Rossi v. Califano*, supra, at 59. However, as the Court of Appeals recently noted:

> Although the claimant has vigorously urged that we reverse the district court and grant summary judgment for him, and although there is authority for such a procedure, we believe that the course more consistent with our reasoning—particularly our reluctance to require strict burdens of proof in these cases—is to return the matter to the agency for a further hearing. Such a procedure will enable the agency to remedy its processes so as to ensure that all relevant evidence pertaining to these matters will be considered.

*Dobrowolsky v. Califano*, supra, at 410 (footnotes omitted.)

I recognize that the power of a reviewing court to remand a case to the Secretary for the taking of additional evidence has, under some circumstances, been circumscribed by the recent amendment to section 405(g) contained in the Social Security Disability Amendments of 1980, Pub.L. 96–265, § 307 (1980). I do not believe, however, that this amendment has impaired the court's ability to remand for further hearings under the circumstances presented by this case. As Judge Broderick recently pointed out, the legislative history of the amendment clearly indicates that "it is not to be construed as a limitation of judicial remands currently recognized under the law in cases which [sic] the Secretary has failed to provide a full and fair hearing, to make explicit findings, or to have correctly apply [sic] the law and regulations" *Torres v. Harris*, 502 F.Supp. 518 at 520 (E.D.Pa. 1980) quoting H.R.Conf.Rep.No.100, 96th Cong. 2d Sess., 13. Moreover, the amendment by its own terms appears to be applicable only to a situation where the Secretary's denial of disability benefits, although otherwise supported by substantial evidence, is challenged by the claimant in the reviewing court by the introduction of new evidence or on some other basis which may have provided "good cause" for a remand under the pre-amendment version of 42 U.S.C. § 405(g).

tiff's testimony was not credible. He does not point to any inconsistencies or contradictions in plaintiff's testimony nor did he evaluate Mrs. Boyle's testimony in light of the other factors articulated in *Kephart*. Indeed, there are only two comments in the report which arguably bear upon the administrative law judge's evaluation of plaintiff's credibility. Concerning plaintiff's hearing disability, the ALJ observed that he "had no trouble in having the claimant hear him when he spoke in a normal tone of voice." (Tr. 16). It is well settled that "while the ALJ may choose between contradictory medical opinions or reject a medical opinion that is contradicted by other evidence of record, [he] is not free to set [his] own expertise against that of a physician who had personally examined the claimant." *Alvarez v. Califano*, 483 F.Supp. 1284, 1285 (E.D.Pa.1980) quoting *Gober v. Mathews*, 574 F.2d 772, 777 (3d Cir. 1978). *See also: Lewis v. Califano*, 616 F.2d 73, 76–77 (3d Cir. 1980). As has been noted, the medical evidence introduced at the hearing unequivocally confirmed plaintiff's complaints of a hearing disorder. Therefore, to the extent that the administrative law judge discounted the plaintiff's testimony on the basis of his personal observations at the hearing, his evaluation of plaintiff's credibility is not supported by substantial evidence.

The administrative law judge's second observation bearing upon credibility was his determination that "the claimant's daily activities are representative of action inconsistent with a severe medical impairment and she indicated that she felt she would be able to be gainfully employed" (Tr. 17). It is true that the plaintiff testified at the hearing that she spends most days doing light housework, reading, watching television, knitting and preparing meals (Tr. 55) and that she felt she could work in a quieter environment if she could qualify for such a job (Tr. 57). However, such testimony is irrelevant in evaluating the credibility of the plaintiff's testimony that she was unable to continue working in her customary occupation. As was noted earlier, the plaintiff testified that because of her hearing difficulties and nervous problems she was unable to function in a noisy environment such as the knitting mill at which she was employed (Tr. 55). It is difficult to ascertain how the plaintiff's testimony regarding her daily activities in the solitude of her home or her apparent willingness to work in a quieter environment is inconsistent with or in any way derogates from the central thrust of her testimony concerning her disability.[6]

It is clear that the administrative law judge's finding that the plaintiff's testimony was not credible is simply not supported by sufficient subordinate factual determinations to be affirmed on review. The administrative law judge's failure to evaluate the plaintiff's credibility necessitates a remand to the Secretary for consideration of that issue. *Rosario v. Harris*, supra, at 418.

---

**6.** The Vocational Rules set forth in Appendix 2 of Subpart I, 20 C.F.R. § 416 serve as guidelines for determining whether jobs exist in the national economy for claimants who are found to be medically unable to return to their former employment. Each rule is premised upon the four factors of age, education, work experience and physical capacity, all of which must be considered by the administrative law judge in determining if jobs exist in the national economy for a specific claimant. Hence, on remand, the evidence concerning plaintiff's capabilities and willingness to work in a quieter environment may be relevant to a determination of whether the plaintiff is medically and vocationally qualified to pursue alternative means of employment.