Natividad ROSARIO, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

80 Civ. 2016 (VLB).

United States District Court, S. D. New York.

April 10, 1981.

---

Richard P. Morris, Klein, Wagner & Morris, New York City, for plaintiff.

Ralph N. Gimbel, U. S. Atty., Southern Dist. of New York, New York City, for defendant.

VINCENT L. BRODERICK, District Judge.

I.

Plaintiff Natividad Rosario has brought this action seeking review of a decision of the Secretary of the Department of Health and Human Services ("the Department") to terminate her disability insurance benefits as of March, 1978, and to deny her application for Supplemental Security Income based on disability.[1]

Plaintiff has moved for summary judgment, and defendant has cross-moved for judgment on the pleadings.

For the reasons that follow, the determination of the Secretary is set aside and the matter is remanded for a new hearing.

II.

The plaintiff was born in the Dominican Republic, understands no English, and has a second grade education.

Her prior work history reveals that she worked for two years as a machine operator in a purse factory and for 7 years at a zipper factory as both a machine operator and an inspector. A vocational expert described the purse factory and zipper factory machine work as "unskilled, sedentary to light"; the inspection work at the zipper factory was characterized as "light to moderate" because it required lifting.

The plaintiff began receiving disability insurance benefits in March, 1976, following a determination that a herniated disc prevented her from working. She sustained an operation on her back (a laminectomy) in August, 1977.

Plaintiff has also been a patient of a psychiatric clinic since April, 1979. She has been diagnosed as having "Depressive Neurosis with Anxiety." She sees a therapist regularly.

The Secretary followed plaintiff medically since she first began to receive disability benefits; he determined that she was no longer disabled in January 1978, and terminated her disability benefits in March, 1978. In May, 1978, plaintiff applied for disability benefits under the Supplemental Security Income program. Her applications for SSI disability benefits and for reconsideration of the termination of her disability insurance benefits were denied. A hearing was held on July 24, 1979, where plaintiff was unrepresented by counsel and communicated via an interpreter. The administrative law judge ("ALJ") found that Rosario was not entitled to benefits. The decision was affirmed by the Appeals Council.

III.

■ In determining whether the claimant was eligible for disability benefits, the ALJ was bound, as a matter of law, to consider four sources of evidence: 1) the objective medical facts; 2) diagnoses or

1. The court's jurisdiction derives from Section 205(g), as amended, and Section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3).

medical opinions based on these facts; 3) subjective evidence of pain and disability testified to by the claimant and family or others; and 4) the claimant's educational background, age and work experience. *Gold v. Secretary of HEW*, 463 F.2d 38, 41 at n. 2 (2d Cir. 1972).

■ It is by now well established in this circuit that "subjective *pain* may serve as the basis for establishing disability, even if such pain is unaccompanied by positive clinical findings or other 'objective' medical evidence." *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979) (emphasis in original). *Accord, Hankerson v. Harris*, 636 F.2d 893 (2d Cir. 1980).[2]

In the instant case, the subjective evidence of the plaintiff's pain "is more than ample to establish her disability if believed." *See Marcus v. Califano, supra*, 615 F.2d at 27.

The government's own vocational expert testified that plaintiff would be incapable of performing any of her former jobs "assum[ing] that she has all the physical and mental impairments, limitations, restric-

tions and pain that she alleges."[3] He based his conclusion upon the testimony plaintiff offered with respect to the pain she was experiencing:

A. The basis is the complaints of frequent pain upon minimal exertion, such as walking or going down a flight of stairs, which requires rest according to her testimony; and also the description of interrupted sleep, nightmares, voices that she hears. The frequent rest periods during the day when she says she has to lay down. It would be—she would be unable in my opinion to sustain a full work day which would involve the use of public transportation to and from work, and seven or eight hours of work.

The ALJ discounted the claimant's testimony concerning her discomfort:

This administrative law judge finds the claimant overstated her complaints and does not find her allegations credible. The claimant's treating physician reported that the claimant is unable to work. However, this is a conclusion which might be arrived at by the administrative law

2. The Secretary has promulgated a regulation that is apparently optimistically intended to relegate the *Marcus v. Califano* rule to some dim forgotten by-way of history. Bluntly put, it ignores the rule completely:

> How we evaluate symptoms, including pain.
> If you have a physical or mental impairment, you may have symptoms (like pain, shortness of breath, weakness or nervousness). We consider all your symptoms, including pain, and the extent to which signs and laboratory findings confirm these symptoms. The effects of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms.

45 Fed.Reg. 55567 (to be codified as 20 C.F.R. § 404.1529) (1980). The straightforward and folksy tone of the new "Operation Commonsense" regulations is certainly to be applauded. *See* 45 Fed.Reg. 55569. The substance of this particular regulation is, however, of dubious legality. To the extent that the regulation provides that there must be some medical evidence *of an impairment* to establish disability, it properly conforms to existing law. *See*, e. g.,

*Northcutt v. Califano*, 581 F.2d 164, 166 (8th Cir. 1978). To the extent that it suggests the need for "objective" evidence in support of a claimant's *complaints of pain* it runs counter to the settled law in this circuit. "Disregard of a claimant's subjective complaints of pain .... is not justified solely because there exists no objective evidence in support of such complaints." *Marcus v. Califano, supra*, 615 F.2d 23, 27 (quoting *Northcutt v. Califano, supra*, 581 F.2d at 166).

The promulgation of a regulation does not vest with legitimacy a practice that the reviewing courts have explicitly rejected. In the aftermath of this regulation's appearance, the Second Circuit adheres to the settled law. *Hankerson v. Harris, supra*, 636 F.2d 89, 95 (2d Cir. 1980).

3. Plaintiff testified that she is precluded from working because she has to spend more time lying down than standing; that in her lower back and right leg she is troubled with pain and numbness when she walks, when she sits, and when she stands for long periods. She moved about during the hearing, complaining of pain and testified that she can only sit for a half an hour at a time, and has difficulty negotiating stairs, such as in the subway. Plaintiff also testified with respect to her psychiatric symptoms.

judge with weight given to this statement to the extent it is supported by and consistent with all other evidence in the record. As previously indicated, the preponderance of the medical opinion herein reflects that the claimant is capable of light work.

The ALJ reinforced this view in his second "finding":

2. The claimant's subjective complaints of pain and extreme nervousness are not supported by the medical evidence of record.

The ALJ has given no justification for discrediting the plaintiff's testimony apart from the divergence between the medical opinions and plaintiff's subjective symptomatology. According to the rule established by *Marcus v. Califano, supra,* an ALJ is entrusted with discretion to evaluate the credibility of the claimant, and a decision to discredit the claimant's testimony will be upheld if the ALJ has arrived at his determination "after weighing the objective medical evidence in the record, appellant's demeanor and other indicia of credibility. . . ." *Id.* at 27. On the other hand, it is a ground for reversal as an error of law "if the ALJ did not consider the credibility of [plaintiff's] claims of disabling pain, but instead rejected her claim on the ground that objective, clinical findings did not establish a cause for such pain . . ." *Id.* "[T]he Administrative Law Judge need not accept a claimant's testimony. He may not, however, simply disregard it; he must evaluate the substance of the testimony and make findings with respect to the plaintiff's motivation and credibility." *Rosario v. Harris,* 492 F.Supp. 414, 418 (D.N.J.1980). *Accord, Boyle v. Harris,* 506 F.Supp. 294 (E.D.Pa.1980); *Mosey v. Califano,* 490 F.Supp. 1165, 1168 (W.D.Pa.1980). This duty is consistent with the general rule that "the Secretary has an obligation both to claimants and to reviewing courts to make full and detailed findings in support of his ultimate conclusion." *Small v. Califano,* 565 F.2d 797, 801 (1st Cir. 1977). *Accord, Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975); *Bryant v. Califano,* 484 F.Supp. 213, 215 (S.D.Tex. 1980); *Cassel v. Harris,* 493 F.Supp. 1055, 1056 (D.Colo.1980).

There is no indication in the ALJ's findings of fact or conclusions of law that, in discrediting plaintiff's testimony, he weighed all of the factors he was bound to consider in evaluating plaintiff's credibility. It is because the ALJ has failed to set forth sufficiently detailed findings underlying his conclusion,[4] and because he appears to have rejected the plaintiff's testimony for the sole reason that clinical findings did not establish a cause for the pain she claimed to be suffering that I have set aside the determination of the Secretary.[5]

The appropriate disposition in a case like this where "there are gaps in the administrative record or the ALJ has applied an improper legal standard" is to remand to the Secretary "for further development of the evidence." *Hankerson v. Harris, supra,*

4. The Court of Appeals for the Third Circuit has enumerated certain criteria that might be used to make specific findings with respect to a claimant's credibility: "The fact finder must consider factors such as accuracy of memory, opportunity to know the pertinent facts and ability or inability to present them because of educational or intellectual deficiencies. He must also weigh the possible effects of bias, conscious or otherwise." *Kephart v. Richardson,* 505 F.2d 1085, 1087 (3d Cir. 1974).

In the instant case, no such findings or observations with respect to plaintiff's demeanor were offered. It appears from the record, however, that there was much to comment upon. The transcript of the hearing reflects that the plaintiff stood up and moved about at least three times during the hearing because of pain. Some comment upon this behavior would have been helpful in evaluating the plaintiff's credibility with respect to complaints of pain.

5. At the new hearing to be conducted upon remand, the following deficiencies in the record shall also be corrected:

a) The Record appears to contain two statements from the treating physician, Dr. Unis: one is hardly legible, and the other is utterly lacking in detail. The Secretary shall perform his duty "to advise plaintiff that he should obtain a more detailed statement from his treating physician." *Hankerson v. Harris, supra,* 636 F.2d at 896.

b) In reaching his determination that plaintiff was not disabled, the ALJ consulted the Department's medical-vocational guidelines, 20

878

636 F.2d at 892 (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). *See, e. g., Boyle v. Harris, supra.*[6]

C.F.R. 404 Subpart P, App. 2; 416 Subpart I, App. 2 (1980). Since the ALJ had already determined that plaintiff was capable of performing her previous work, it was improper to consult these regulations. 20 C.F.R. 404 Subpart P, App. 2 § 200.00(a) (1980). (Guidelines to be applied when the claimant's impairment "prevents the performance of his or her relevant past work") (to be consolidated at 20 C.F.R. 404 Subpart P, App. 2. *See* 45 Fed.Reg. 55575, 55617–55621) (1980).

However, because it may be necessary, upon remand, to invoke these guidelines, I note that in attempting to use them, the ALJ erred by failing to make the necessary preliminary factual findings and by applying the wrong regulation. He neglected to make a finding with respect to the plaintiff's ability to communicate in English. This alone would be a ground for remand. *Vega v. Harris*, 636 F.2d 900, 904 (2d Cir. 1981). And he erred in applying Rule 202.-16 of Table No. 2, Appendix 2, Subpart P and I, since he found that claimant was capable of sedentary work, not light work. *See* n. 3(c), *infra.*

c) The ALJ's findings of fact are ambiguous with respect to the type of work he considered plaintiff capable of performing. In his third "finding" he notes that claimant "has the residual mental and physical functional capacity to perform sedentary work on a sustained basis." Yet in the section of his opinion denominated "evaluation of the evidence" he finds that "the preponderance of the medical opinion herein reflects that the claimant is capable of light work" and that "the claimant's past positions were within the physical demands of sedentary to light work, which the administrative law judge has already determined within the bounds of the claimant's capacities." Upon remand, a definite finding with respect to plaintiff's residual functional capacity shall be made. Moreover, in considering whether the plaintiff is capable of sedentary work, the ALJ shall consider that the category of sedentary work "does not necessarily include occupations which allow a worker to alternate sitting and standing as required for his comfort or jobs that require no stooping or bending." *Moguez v. Harris*, 512 F.Supp. 11 (D.Colo.1980), cited in *Deutsch v. Harris*, 511 F.Supp. 244 at 249 (S.D.N.Y.1981).

**6.** The court is aware that Congress has amended § 205(g) of the Act, 42 U.S.C. § 405(g), which governs judicial review of the Secretary's final determinations. The amended statute provides in pertinent part:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence, if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in such office.

Even assuming that the amendment applies retroactively to review of the Secretary's determination in this case, *see Saunders v. Schweiker*, 508 F.Supp. 305 (W.D.N.Y.1981); *Torres v. Harris*, 502 F.Supp. 518, 527 (E.D.Pa.1980) (Broderick, J.), it does not preclude a remand to the Secretary.

Although the amended language limits the extent to which a court may remand to the Secretary for the taking of new evidence, where his determination is supported by substantial evidence, it cannot undermine the pow-

This case is placed on the suspense docket of this court pending further proceedings of the Secretary.

SO ORDERED.

er of a court to remand when the Secretary has committed an error of law or has failed to use procedures that comport with the requirements of due process. *See Boyle v. Harris,* 506 F.Supp. 294 (E.D.Pa.1980). *See also Torres v. Harris, supra,* 502 F.Supp. at 520. The Court of Appeals for the Second Circuit has not yet explicitly construed this amend-ment. But in the aftermath of the legislative change it continues to remand to the Secretary where the Secretary has committed an error of law or has failed to provide a fair hearing. *See, e. g., Vega v. Harris, supra,* 636 F.2d 900; *Hankerson v. Harris, supra,* 636 F.2d 893; *Schwingel v. Harris,* 631 F.2d 192 (2d Cir. 1980).